## CIRCUIT COURT OF ROANOKE COUNTY

Massie

   v.

Home Interiors
and Gifts, Inc.

Case No. CL84850123

Arthur

   v.

Loeb Construction Co.

Case No. CL8500039

December 2, 1987

By Judge Kenneth E. Trabue

As each of you knows, the above two cases involve an issue in common, and that is whether or not the statute of limitations applicable is two years for personal action for injury to persons under Va. Code § 8.01–243 (1984) or one year for personal actions under which no other limitation is specified under Va. Code § 8.01–248 (1984). The cases do not arise out of the same set of circumstances or a common course of dealing. It just happens that counsel for the parties are the same for each case. *Massie v. Home Interiors and Gifts, Inc.*, is a one-count suit for compensatory and punitive damages, for defamation (false, malicious, defamatory, slanderous, libelous and insulting statements). *Arthur v. Loeb Construction Company* is a three-count suit for damages. Only Count One is at issue upon the plea to the statute of limitations, and it seeks compensatory and punitive damages for malicious prosecution of a criminal felony charge. Each suit was filed after a one-year statute of limita-

tions would have run but before the cause of action would have been time-barred by a two-year statute of limitations.

It is important to note at the outset that the elements of damages alleged in each suit include claims for loss or injury to business; pain, embarrassment, humiliation and mental suffering; injury to reputation; and actual out-of-pocket losses. I think that the parties concede that if there is liability, then the plaintiffs are entitled to recover for these elements of damage to the extent they are proved by the evidence. *See Model Jury Instructions - Civil*, Volume II, Defamation, Instruction No. 37:100 and Cases and Caveat and Comment, and Malicious Prosecution, Instruction No. 41.140 and Cases and Caveat and Comment.

In 1977, two things of significance occurred which bear upon these cases: On October 1, 1977, Title 8, Civil Remedies and Procedure, was recodified. On July 1, 1977, this Judge went on the bench. Prior to that time, I had written numerous briefs in support of the one-year statute of limitations' being applicable to the intentional tort types of cases, such as defamation, fraud, abuse of process, and the like; and to my knowledge, not one Circuit Court judge has held that either defamation or malicious abuse of process or malicious prosecution or fraud type cases were governed by any limitation other than one year.

A corollary problem was whether certain types of actions or damage to property were covered by a one-year or a five-year statute of limitations. Indeed, the analysis on the older cases followed a torturous, treacherous, tedious inquiry into survivability of causes of actions and whether the damages alleged were direct or indirect. It was with complete relief therefore that in 1977 when the civil code was recodified, it was "clear" that survivability and direct versus indirect damage to property were no longer the focus of debate. All actions after October 1, 1977, survived; actions for personal injuries were under a two-year rule; actions for injury to property were under a five-year rule; and other personal actions for which no other limitation was specified were within the one-year rule. It was clear from the presentation in the seminars by Messrs. Boyd, Graves, and Middleditch, as it was in the revisors' notes, that Va. Code § 8.01–248 (1984) (one-year statute) was intended as a catch-all provision for actions like malicious prosecution and abuse of process. Without a Supreme Court decision of interpretation, it has been entrenched in

the minds of many of the members of the bench and the bar for nearly ten years that indeed the revisors intended that malicious prosecution and defamation be governed by Va. Code § 8.01–248 (1984) because no other limitation had been otherwise prescribed. I readily admit I was of the same bent, but I had never had the issue squarely before me since being on the bench. For these reasons, I have been troubled by the instant cases. Regardless of this background, I have concluded that defamation and malicious prosecution are both properly categorized as a "personal action for injury to the person" and governed by the two-year statute of limitations pursuant to Va. Code § 8.01–243(A)(1984).

*Piggott v. Moran*, 231 Va. 76 (1986), was the first case in which the Supreme Court of Virginia took the opportunity to construe the new statutes. In *Piggott* the issue was not one of defamation or malicious prosecution but rather one of fraud. The Court compared the one-year limitation under Va. Code § 8.01–248 (1984) with the five-year limitation under Va. Code § 8.01-243(B) (1984). The main issue was whether it was a fraud action for injury to property, and if so, the five-year limitation governed; but if not, then the catch-all provision of Va. Code § 8.01–248 (1984) would time bar the claim. The Supreme Court looked to the gist of the plaintiff's claim to determine whether the wrongful act was aimed at the person or his property. The claim under study was damages resulting in the alleged diminution in value of the plaintiff's property because it abutted land zoned for industrial rather than residential use. The Court held that the fraud allegedly committed by the defendant had no impact on the real property itself. Since the purchaser's land was in the same condition and was available for the same use after the fraud as before it, the conduct was directed at the plaintiffs personally and not their real or personal property. The court agreed with the trial court that *Piggott* was not an action for injury to property but rather was a "personal action" and governed by Va. Code § 8.01–248 (1984). *Piggott* clearly holds that under the present statutory scheme, neither survivability nor the inquiry into direct versus indirect injury to property is germane. Nevertheless, it appears that the Supreme Court of Virginia has examined the *properly recoverable damages* (emphasis mine) to determine whether the action is one against the person or against his property. What *Piggott* did not do was answer the question as to whether an action for fraud resulting in the diminution of value to

the property was a "personal action" covered under the one-year limitation under Va. Code § 8.01–248 (1984) or a "personal action for injury to person" and subject to the two-year statute of limitations under Va. Code § 8.01–243(A) (1984). Justice Stephenson touched upon the point in this dissent, but it was clear from the damages sought that there were no injuries to the person claimed such as loss of injury to business; insult including pain, embarrassment, humiliation and mental suffering; injury to reputation or actual out-of-pocket loss caused by the tort.

I have studied Judge Coulter's opinion in *Via v. O'Donnell.* I agree with his analysis of *Fuller v. Edwards*, 180 Va. 191 (1942). If the damages properly recoverable in any personal action are damage to reputation, pain, mental anguish and suffering, injury to credit and financial standing, and injury to reputation, then the action is a "personal action for injury to the person" and is governed by Va. Code § 8.01–243(A) (1984) (two years) and is not barred after one year under Va. Code § 8.01–248.

Va. Code § 8.01–228 (1984) defines "personal action" to include an action wherein a judgment for money is sought, whether for damages to the person or property. I have examined the dictionaries and can find no logical difference between the terms "injury to person" and "personal injuries." The question is academically raised as to what type of claim would then fit into the catch-all provision of Va. Code § 8.01–248 (1984). *Piggott v. Moran* is an apparent answer.

Thus, after examining the pleadings and considering the property recoverable damages alleged in the instant cases, it is clear that under a *Piggott* rationale, that defamation in *Massie* and malicious prosecution in *Arthur* are personal actions for injury to the person and are governed by Va. Code § 8.01–243(A) (1984), a two-year statute of limitations . . . .

Mr. Bosen may prepare an order overruling the defendants' pleas to the statute of limitations in each of the cases and reserving objections upon grounds stated in defendants' memoranda.