# CIRCUIT COURT OF CHESTERFIELD COUNTY

Rossi

v.

Jerome S. Marciniak et al.

September 9, 1988

Case No. (Law) 2372-87

By JUDGE HERBERT C. GILL, JR.

On July 29, 1988, the Court denied defendants' motions for summary judgment finding a genuine dispute of material facts, yet had taken under advisement defendants' assertion that the limitation of action prescribed by Section 8.01-248 of the Virginia Code bars plaintiffs' claim. It is the opinion of the Court that Section 8.01-248 as it applies to actions for personal fraud accruing before July 1, 1987, sets forth the applicable statute of limitation and said provision bars plaintiffs' claim.

Section 8.01-248 as it applies to actions for personal fraud accruing before July 1, 1987, provides:

> Every personal action, for which no limitation
> is otherwise prescribed, shall be brought within
> one year after the right to bring such action
> has accrued.

The aforementioned provision governs plaintiff's claim given the Court's holding in *Pigott v. Moran*, 231 Va. 76 (1986). In *Pigott v. Moran*, the plaintiff alleged that defendant/realtor had fraudulently misrepresented the

zoning designation of property adjacent to the realty purchased by plaintiff.

On appeal, the Virginia Supreme Court upheld the trial court's decision that the one-year limitation governed as "the defendant's conduct was directed at the plaintiffs personally and not their property, real or personal." *Id.*, 231 Va. at 81 (1986). The Court further reasoned:

> The wrongful act is aimed at the person and, when sued upon at law, fraud will support a recovery for financial damage personal to the individual. This is the gist of the plaintiffs' claim. The fraud allegedly committed by the realtor had no impact on the real property itself. The purchasers' land was in the same condition and was available for the same use after the alleged fraud as it was before. The defendants' conduct was directed at the plaintiffs personally and not their property, real or personal. *Id.*, 231 Va. at 81 (1986).

Plaintiffs seek recovery for "financial damage personal to the individual" as in *Pigott v. Moran.* Plaintiffs alleged that defendants made several misrepresentations regarding the property purchased and failed to disclose certain problems with the home.

In regard to whether Section 8.01-248 of the Virginia Code bars plaintiffs' claim, counsel for defendants argued that the court may determine as a matter of law that the cause of action accrued on August 4, 1986, when an inspection of the property was completed and, therefore, bar the claim field on November 2, 1987. Counsel for plaintiffs asserted that the issue is a question for the jury.

The cause of action for fraud accrues when such fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Section 8.01-249 of the Virginia Code. As noted by counsel for the plaintiffs, when conflicting inferences can be drawn from the facts, the question of when the fraud should have been discovered must be submitted to the jury. *See generally Pennsylvania Life Insurance Company v. Burnbrey*, 665 F. Supp. 1190 (E.D. Va. 1987); *Gilmore v. Basic Industries*, 233 Va. 485 (1987).

A purchaser of real estate is duty bound to investigate the true condition of the property given the opportunity to do so. *Poe v. Voss*, 196 Va. 821 (1955); *Masche v. Nichols*, 188 Va. 857 (1949). However, as recently noted by the Virginia Supreme Court, "The doctrine of caveat emptor affords no protection to a seller who makes false representations of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely." *Boykin v Hermitage Realty*, 234 Va. 26 (1987), citing *Watson v. Avon Street Center*, 226 Va. 614 (1984). Further, the seller "must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make." *Armentrout v. French*, 220 Va. 458 at 466 (1979); citing *Thorner v. Ahern*, 207 Va. 860 at 864 (1967).

Unlike the facts presented in *Boykin v. Hermitage Realty*, an inspection was completed on behalf of plaintiffs and the problems subsequently discovered were conditions alleged to have existed when the contract was entered into. In *Boykin v. Hermitage Realty*, buyers alleged that seller falsely represented development plans for property adjacent to buyers' home. A plan submitted to the appropriate planning and zoning office depicted development of the adjacent property contrary to representations made. Buyers failed to inspect the approved development plan. On appeal the Court reversed the trial Court's decision to set aside verdicts on behalf of seller and entered final judgment for the buyers. The Court reasoned:

> "In Virginia, one cannot, by fraud and deceit, induce another to enter into a contract to his disadvantage, then escape liability by saying that the party to whom the misrepresentation was made was negligent in failing to learn the truth." *Id.*, 234 Va. at 30 (1987), citing *Nationwide Ins. Co. v. Patterson*, 229 Va. 627 at 631 (1985).

Once an investigation is made by the purchaser, "he is charged with all the knowledge which he might have obtained had he pursued the inquiry diligently to the end." *Watson v. Avon Street Center*, 226 Va. 614 at 619 (1984), citing *Poe v. Voss*, 196 Va. 821 (1955). In

*Watson v. Avon Street Center*, the buyer had purchased a warehouse and alleged that seller fraudulently concealed and/or made certain misrepresentations regarding roof repairs. Although buyer undertook an extensive investigation of the warehouse, he failed to discover the defect. The Court reversed the trial court's decision and entered judgment for the sellers. The Court noted, "He is nonetheless, by virtue of the fact that he investigated partially, bound by all that a complete investigation would have disclosed." *Id.*, 226 Va. at 619 (1984), citing *Harris v. Dunham*, 203 Va. 760 (1962).

As plaintiffs may be "charged with all the knowledge" that they could have obtained from an inquiry in regard to the issue of reasonable reliance, it follows under the circumstances that plaintiff reasonably should have discovered the alleged fraud on the inspection date, August 4, 1986. Even assuming that defendant attempted to divert plaintiff from fully investigating the premises, the alleged misrepresentations would be insufficient to frame a jury issue as to fraud. Plaintiffs admitted that the aforementioned inspection was completed on their behalf. Plaintiffs further admitted that the purchase agreement expressly provided that inspections could be conducted within a specified period. Hence, plaintiffs' claim against defendants, Jerome S. Marciniak, Dolores M. Marciniak, Diane Long, and Savage & Company, Realtors, is barred by the governing one year limitation of action prescribed by Section 8.01-248 of the Virginia Code.