## CIRCUIT COURT OF NELSON COUNTY

Huffman et al.

    v.

C. Rudy Brown

September 18, 1991

Case No. 1715

By JUDGE J. MICHAEL GAMBLE

[Counsel] appeared before [me] on September 12, 1991, on the Plea of Statute of Limitations and Demurrer filed on behalf of the defendant, Brown. Pursuant to [the] arguments, I have reviewed the pleadings . . . together with the case and statutory authority that has been cited to me . . . .

The plaintiffs seek judgment against the defendant on the basis of the defendant's alleged negligence or willful concealment. In their Motion for Judgment, the plaintiffs allege that the defendant negligently failed to discover termites or willfully concealed termites when the defendant performed an inspection of the home that the plaintiffs were purchasing. The Bill of Complaint alleges that the defendant, Brown, furnished a report dated November 28, 1988, to Nettie G. Saunders, the seller of the property to the plaintiffs. The real estate contract dated October 4, 1988, between Nettie G. Saunders and the defendants required Nettie G. Saunders to furnish a report from a termite control company concerning the presence of termites and other wood-destroying insects in the real estate being sold.

The defendant, Brown, asserts that the statute of limitations has expired. The Court believes that the statute of limitations has expired as to the negligence claim but has not expired as to the willful concealment claim. In order for the action to come within the five-years statute of limitations under § 8.01-243(B), there must be an injury to the property as a result of the negligence. In the instant case, the alleged negligence of the defendant, Brown, did not cause any damage to the property; the house was in the same condition after the inspection as it was before the inspection. This is a negligence action for financial damage personal to the plaintiff. It is not an action for damage that the defendant, Brown, actually caused to the real estate of the plaintiff. Because this action does not come within § 8.01-243 or any other specific statute of limitations statute, it comes under the one-year statute set forth in § 8.01-248 of the Code of Virginia. Further, the negligence action accrues when the act was committed; i.e., the November 28, 1988, date of the termite report. *Winston v. Gordon*, 115 Va. 899 (1914); *Sitwell v. Burnette*, 349 F. Supp. 83 (W.D. Va. 1972). This suit was filed on December 15, 1989, more than one year after the cause of action accrued.

In *Pigott v. Moran*, 231 Va. 76, 80-81 (1986), the Supreme Court of Virginia held in a fraud case (under the old one-year statute of limitations for injury to property) does not apply where there is no "impact on the realty itself." Therefore, the negligence portion of the claim must be dismissed because it was filed outside the one-year statute of limitations.

The allegation of willful concealment is based upon fraud and misrepresentation. Effective July 1, 1987, Section 8.01-243 of the Code of Virginia was amended to establish the statute of limitations for actions based upon fraud for two years after the date the action accrues. The plaintiffs did not discover the termite damage until after the closing in January, 1989. Under § 8.01-249 of the Code of Virginia, actions for fraud accrue when discovered or by the exercise of due diligence should have been discovered. Therefore, the plaintiffs are well within the statute of limitations on the fraud portion of their claim.

The defendant, Brown, files a demurrer to the Motion for Judgment on the grounds that there is no privity of

contract between the plaintiff and defendant, Brown (paragraph no. 2 of the Demurrer). The report dated November 28, 1988, attached as Exhibit A to the Motion for Judgment is addressed only to Nettie G. Saunders, the seller, and not to the plaintiffs. The defendant argues, and the Court agrees, that the agreement was only between Brown and Nettie G. Saunders.

The plaintiffs seek an economic loss against Brown for the cost to repair their dwelling caused by the termite damage. This is an economic theory of recovery based upon a contractual relationship. In the instant case, there is no contract between the plaintiffs and the defendant, Brown. Most Courts have held that the statutory abolishment of the defense of lack of privity as set forth in similar code provisions to § 8.01-223 of the Code of Virginia only apply where the product is manufactured or designed in a way which constitutes a danger to the safety of persons or property from the defective product. Thus an economic loss to property cannot survive the privity rule where the product itself does not constitute a danger or safety hazard to persons or property. *Kamlar Corp. v. Haley*, 224 Va. 699, 706 (1983); *East River S.S. Corp. v. TransAmerica Delaval*, 476 U.S. 858 (1986).

This rule has been applied to sales of real estate even though these sales are not controlled by product liability concepts. In real estate cases, the rule limiting recovery for economic losses to the law of contracts is applied to real estate transactions where the real estate is alleged to be "qualitatively defective." *Sensenbrenner v. Rust, Orling and Neale*, 236 Va. 419, 424 (1988).

In the instant case, the plaintiffs are claiming injury due to the qualitative defect in their house resulting from the termite damage. This was not damage caused by the action of the defendant, Brown, nor is it damage for which the defendant, Brown, contracted with the plaintiffs to suffer a foreseeable liability. As noted in *Sensenbrenner*, 236 at 425:

> Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only agreement. That type of compensation necessitates an analysis of damages which were within the contemplation

of the parties when framing their agreement. It remains the particular province of the law of contracts. See also, *Kamlar Corp. v. Haley*, 224 Va. 699, 706 (1983).

In the instant case, there is no contract between the plaintiffs and the defendant, and there is no injury to the person or property by the action of the defendant, Brown. Because there is no contractual relationship, the plaintiffs cannot recover on an economic loss claim, and because there is no injury to the person or property from the action of the defendant, there is no tort claim for recovery.

Accordingly, the Demurrer of the defendant, Brown, must be sustained, and the suit against the defendant, Brown, must be dismissed. As a result of this ruling, the other grounds of the demurrer need not be addressed.