128

## CIRCUIT COURT OF THE CITY OF RICHMOND

Nazir Chaudhary

 v.

Harrison Broad, L.L.C.,
Commonwealth Cancer Institute, L.L.C.,
Marcus W. Brown,
M. Moinuddin Ali,
Khadijeh S. Zarkoob,
and Muhammad S. Sahli

July 25, 2002

Case No. HQ-2356-3

BY JUDGE T. J. MARKOW

The parties appeared, in person and by counsel, for trial on the Motion for Declaratory Judgment and the Ground of Defense and evidence was presented and argument was heard.

At issue is whether plaintiff is entitled to membership in Harrison Broad, L.L.C., and Commonwealth Cancer Institute, L.L.C. The two L.L.C.s were organized by the parties for the purpose of acquiring land on Harrison Street between Broad and Marshall Streets. The land was to be acquired and held by Harrison Broad, L.L.C. Commonwealth Cancer Institute, L.L.C., was to build and operate a cancer treatment facility on the site.

In order to become members of each L.L.C., each of the parties was to guarantee certain bank loans to the L.L.C.s and to make capital contributions of $50,000 to Commonwealth Cancer Institute, L.L.C.

Each member, except the plaintiff Chaudhary and Brown, made the $50,000 payment. One of the co-managers, Dr. Sahli, on his own and without the knowledge of any other members, agreed to accept Dr. Chaudhary's promissory note for $50,000 in lieu of a cash payment. Dr. Sahli was without authority to accept the note in lieu of cash.

Dr. Chaudhary's note was due to be paid in full no later than May 13, 1997. He has paid only $30,000 to date not withstanding demands for payment and his acknowledgment that $20,000 plus interest is due.

Dr. Chaudhary did guarantee certain loans made to the L.L.C.s in partial satisfaction of his obligation.

Dr. Chaudhary argues that he gave consideration for his membership in the form of the guarantees and partial payments and that, at most, he owes a debt to the L.L.C.s. Defendants argue that Dr. Chaudhary's membership was subject to his performance of a condition precedent, i.e., payment of the $50,000. The failure of the condition precludes his membership in each L.L.C. as each is a part of a single transaction. *See Countryside Orthopedics v. Peyton*, 261 Va. 142, 541 S.E.2d 279 (2001).

The court finds that the parties were involved in a single transaction involving these two L.L.C.s, i.e., the construction and operation of the cancer institute on the Harrison Street site. See paragraph 1.4 *"Purposes"* of the Operating Agreements for each L.L.C.

The Operating Agreements set forth the relationships amongst the parties, their rights and their obligations as members of the L.L.C.s.

Paragraph 1.1 of the Agreement provides:

[A]ll of the Members of the Company hereby....
(ii) respectively confirm and agree to their status as a Member and their subscription for a Membership Interest, ... upon the terms and conditions set forth in this Agreement....

Section 2.1(c) provides:

Each member hereby acknowledges that he has irrevocably subscribed for the issuance and sale of a Membership Interest ... upon the terms and conditions and in consideration of the capital contributions specified in this Agreement.

Exhibit A to the Operating Agreement describes the names and addresses of members, the "Membership Interest in the Company," "expressed in a percentage of the whole ownership, and," "Aggregate Capital Contributions Cash/Property." Under the last heading opposite each member's name, is the figure $50,000.

There is nothing in the agreement suggesting payment in the form of notes nor any evidence that Dr. Chaudhary was to contribute any property.

The clear language of the Operating Agreements requires as a condition of membership the payment of the $50,000 Capital Contribution. Dr. Chaudhary argues that Dr. Sahli's acceptance of the note and the L.L.C.'s acceptance of his payments totaling $30,000 constitutes a waiver of the obligation of a full cash payment. That is not accurate nor does it matter.

Dr. Sahli had no authority, actual or apparent, to change the terms of the Agreement. Similarly, the acceptance of a partial cash payment cannot be a waiver of the right to have received the full cash payment in the first instance. Nevertheless, there is no evidence to support a finding that by accepting two cash payments the L.L.C. waived payment of the balance for more than five years beyond the due date of the note and six years beyond the date of the Operating Agreement.

Dr. Chaudhary has also first breached a material obligation of the Agreement and cannot now demand the defendants recognize rights that he now claims under the Agreement. His prayer for relief must be denied.

Defendants concede that, if the court rules that Dr. Chaudhary is not declared to be a member of the L.L.C.s the L.L.C.s owe him a refund of any monies paid plus interest from the time of payment.

It is, therefore, ordered that the court declares that:

(1) Nazir Chaudhary is not a member of Harrison Broad, L.L.C., nor a member of Commonwealth Cancer Institute, L.L.C., for his failure to satisfy a condition precedent to membership, i.e., the payment of $50,000.

(2) Judgment is awarded Nazir Chaudhary against Commonwealth Cancer Institute, L.L.C., for $10,000 plus prejudgment interest thereon from October 3, 1997, plus $20,000 plus prejudgment interest thereon from May 3, 2000, plus judgment interest on the total from the date of judgment until paid.