JUSTICE KINSER,
dissenting in part and concurring in part.
I agree with the majority opinion except with regard to its analysis of claims “b” and “c” as asserted in the fraud and negligent misrepresentation counts, and the claim brought under the Maryland Consumer Protection Act (“MCPA”), Md. Code Ann., Commercial Law § 13-301 et seq. In my view, the November 7, 1998 Washington Post newspaper article provided sufficient information, as a matter of law, to put Michael G. Hansen and Nancy E. Randa (the “Homeowners”) on actual or implied notice that the alleged representations by Stanley Martin Companies, Inc. (“Stanley Martin”), that it did not use the same type of stucco product that builders had utilized in North Carolina and that the stucco on the Homeowners’ house would not have the North Carolina problems, were false.
A cause of action for fraud is deemed to accrue “when such fraud, mistake, or undue influence is discovered or by the exercise of due diligence reasonably should have been discovered.” Code § 8.01-249(1). The term “due diligence” is defined as “ ‘[sjuch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.’ ” STB Marketing Corp. v. Zolfaghari, 240 Va. 140, 144, 393 S.E.2d 394, 397 (1990) (quoting Black’s Law Dictionary 411 (5th ed. 1979)). Upon reading the Washington Post article, the Homeowners, through the exercise of due diligence, should have discovered Stan *360 ley Martin’s alleged fraud. See Pigott v. Moran, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986) (discovery of fraud occurred when plaintiffs received certain information, not when the information was later confirmed as accurate).
The majority concludes that “[njothing in the Washington Post article identifies the cladding on the Homeowners’ home, or the other homes built by Stanley Martin, to be the same as that used in North Carolina . . . [or] specifies] that the North Carolina water intrusion problems were the same problems experienced by the Homeowners.” This conclusion is correct. However, the question is not whether the article imparted actual knowledge to the Homeowners regarding the stucco on their house, but whether, with the information presented in the article, Stanley Martin’s alleged fraud should have been discovered through the exercise of due diligence. See Code § 8.01-249(1). I conclude that it should have been.
In addition to the information summarized by the majority, the article also states that industry specialists and builders, including Steven Alloy, President of Stanley Martin, were recognizing that the water intrusion problems “weren’t a geographic freak,” and that “[i]n almost any region where the systems have been used, there are possible problems.” Quoting a North Carolina building inspector, the article continues, “I’m finding the same things up in Fairfax that we found [in North Carolina], and just as extensive.” The article recites that Stanley Martin is inspecting all its synthetic stucco homes for water problems, and Alloy expressed his wish that other “builders and homeowners would face up to the situation.” The article quotes Alloy as saying that “[fit’s going to be a fiasco if people just walk away and let it get worse until it’s like what happened in North Carolina.”
The Washington Post article also relates that, because of the problems with “barrier EIFS, manufacturers have introduced a new type of synthetic stucco, called drainable or water-managed EIFS.” Even if Stanley Martin had used the new drainable EIFS on the Homeowners’ house, the fact that it was inspecting every house clad with synthetic stucco in the Homeowners’ neighborhood should have placed the Homeowners on notice that their home might have the barrier type EIFS and thus the same water intrusion problems as the homes in North Carolina. In fact, the article advises people to determine whether their home is clad with synthetic stucco, perhaps by asking the builder, and if so, to have their home inspected to determine whether there is a water intrusion problem.
*361 Citing Hughes v. Foley, 203 Va. 904, 907, 128 S.E.2d 261, 263 (1962), the Homeowners acknowledge on brief that they had the burden to show that they acted with due diligence. With the publication of the Washington Post article that the Homeowners admitted they read and found disturbing, the Homeowners should have discovered Stanley Martin’s alleged fraud. At that point, they were required to act with due diligence and to inquire further about the stucco on their home. But, they failed to so do within the applicable statute of limitations.
The Homeowners, nevertheless, argue that any fears the Washington Post article raised were calmed after they received a November 16, 1998 report from a company hired by Stanley Martin to inspect their home. This report stated that Stanley Martin had “repaired noted defects and moisture related problems.” The report, however, did not specify the type of synthetic stucco used on the Homeowners’ house or the cause of the moisture problems that were repaired. Although, as the Homeowners claim, the report may have temporarily eased their fears, they were still concerned enough to hire an independent company to perform another inspection less than a year after the Stanley Martin inspection. Despite the Homeowners’ claim that they did not know of the problems caused by the EIFS used by Stanley Martin on their home until they received this second report, that report merely confirmed information first imparted to the Homeowners when they read the Washington Post article. The statute of limitations commenced to run when the alleged fraud should have been discovered with the exercise of due diligence, not when the moisture problems in the Homeowners’ house were finally verified. See Pigott, 231 Va. at 81, 341 S.E.2d at 182.
For these reasons, I conclude, as a matter of law, that claims “b” and “c” were barred by the applicable statute of limitations. Since the majority utilized the same analysis to reverse the trial court’s judgment regarding the MCPA claim, I further conclude, for the reasons stated, that the applicable statute of limitations also barred that claim. Thus, I respectfully dissent, in part, and would affirm the judgment of the circuit court granting summary judgment on claims “b” and “c” of the fraud and negligent misrepresentation counts and the MCPA count. I also respectfully concur, in part, and agree with the majority’s disposition of the other counts.