## CIRCUIT COURT OF THE CITY OF RICHMOND

Jacob A. Schur

v.

Mark D. Sprenkle

Case No. CL12-2597

By Judge Melvin R. Hughes, Jr.

May 22, 2013

In this case, Defendant has filed a number of defensive pleadings which were heard and argued on April 30, 2013. Under well-known principles governing demurrers, the court will accept as true all well pleaded facts for the purpose of determining their legal efficacy. *Harris v. Kreutzer*, 271 Va. 188, 195-96, 624 S.E.2d 24, 28 (2006).

The Complaint alleges that the parties entered into a "joint venture arrangement" in May 2008 in the musical management and production business. Count I: Breach of Joint Venture Contract, Count II: Breach of Fiduciary Duty, Count III: Declaratory Judgment, Count IV: Wrongful Conversion, Count V: Statutory and Common Law Civil Conspiracy, Count VI: Attempted Conspiracy, Count VII: Tortious Interference with Contract and Business Expectancy, and Count VIII: Rescission. The remaining count (Count IX) in Plaintiff's First Amended Complaint is for Breach of the Operating Agreement. As a part of their arrangement, it was agreed that Plaintiff would provide capital for a new LLC and that Defendant would form the LLC under an operating agreement executed by both, under which both would derive membership. Defendant was to assign

rights to certain musical artists to the LLC. Instead, the defendant made himself the only member of the LLC and excluded Plaintiff. This was a breach of the joint venture agreement, for which Plaintiff claims damages in the amount of $74,165.37. In response, Defendant has filed a Plea of the Statute of Limitations, Motion Craving Oyer, Demurrer, Motion for Bill of Particulars, and a Plea in Bar. Defendant's Motion for Bill of Particulars is only to the Plaintiff's final Count, IX: Breach of the Operating Agreement.

The Court will address the issues presented by Defendant's Plea and Demurrer in the order in which they are pleaded in Plaintiff's First Amended Complaint. Defendant's Motion Craving Oyer will be dealt with last.

### Count I: Breach of Joint Venture Contract

#### A. *Plea in Bar of the Statute of Limitations*

Defendant, in his Plea, asserts that the Plaintiff filed the Complaint now under consideration on December 20, 2012, and that this is the first time that the Plaintiff has raised this issue. Defendant further states that the earliest time at which this cause of action could have accrued is June 2008, about four and a half years prior to the date that the First Amended Complaint was filed, and that the statute of limitations for oral contracts is three years pursuant to Va. Code § 8.01-246(4).

In *Roark v. Hicks*, 234 Va. 470, 476, 362 S.E.2d 711, 714 (1987), the Supreme Court held that the statute of limitations governing actions between partners is also applicable to actions between joint venturers. Plaintiff has alleged that a joint venture existed between the parties. Thus, Plaintiff's Count I is not time barred.

#### B. *Demurrer*

Defendant demurs to Plaintiff's first count because Plaintiff (1) failed to state sufficient facts and (2) failed to state a claim for which relief can be granted. As noted, Plaintiff has alleged that Defendant failed to organize the LLC pursuant to the parties joint venture agreement (the existence of a joint venture and its breach), that Defendant made himself the sole member of the LLC in violation of the agreement (breach and causation), and that Plaintiff suffered damages in the amount of $73,165.37 (damages). Plaintiff has fully and sufficiently pleaded a cause of action for breach of a joint venture agreement.

Defendant also asserts that this count should fail because Plaintiff alleges there was no consideration for the joint venture contract, therefore, the contract is void and relief may not be granted. Although Plaintiff states

that one portion of the contract may suffer from impossible consideration,[1] Plaintiff also alleges other promises made by Defendant that were never fulfilled. Therefore, as pleaded, the Joint Venture Contract is not void for lack of consideration.

### Count II: Breach of Fiduciary Duty in Relation to the Parties' Alleged Joint Venture Contract

#### A. *Plea in Bar*

The Court has addressed the relevant limitations period for actions between joint venturers.

#### B. *Demurrer*

Defendant asserts that this count fails because Plaintiff (1) fails to allege sufficient facts and (2) failed to allege facts demonstrating a duty owed to Plaintiff by Defendant. Plaintiff has alleged, *inter alia*, that Defendant intentionally failed to make Plaintiff a co-owner of the later formed LLC and other breaches that resulted in $73,165.37 in damages. Upon the formation of a partnership or a joint venture, the "partners" are obligated to each other "to use utmost good faith and their best efforts to secure" the object of the partnership or joint venture. *Klingstein v. Eagle*, 193 Va. 350, 359, 68 S.E.2d 547, 552 (1952). Therefore, Plaintiff has alleged sufficient facts and a breach of duty.

### Count III: Declaratory Judgment

Plaintiff alleges that the Operating Agreement executed in contemplation of the formation of the LLC is void *ab initio* as it was never "formed as a valid, enforceable, or existing contract." Plaintiff asserts that it is without any legal efficacy because of an absence of consideration. Plaintiff alleges that the only consideration for the Operating Agreement was that Defendant was to assign his rights to certain music artists to the LLC and that Defendant never had any rights to the music artists to assign to the LLC.

Declaratory judgment does not lie where a plaintiff has an adequate remedy at law or equity. *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 347, 497 S.E.2d 744, 747 (1998); *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970). Plaintiff may bring an action for rescission to have a contract declared void for lack of consideration.

Whether or not Plaintiff needs to seek declaratory judgment as to whether or not he is a member of the LLC or if he owes any obligation related to

---

1. "[O]ne which cannot be performed." *Black's Law Dictionary* 307 (6th ed. 1990). Plaintiff alleged that Defendant was to assign his rights to certain music artists to the LLC, but that Defendant never had and knew he did not have any rights to those music artists.

the LLC depends on whether or not the Operating Agreement ever existed. Since Plaintiff has brought an action for rescission and if the Operating Agreement is found to be void, the Court need not rule on whether or not Plaintiff was a member of the LLC; however, if the Operating Agreement is found to exist, the Court then may need to examine whether or not Plaintiff was a member of the LLC. *See Chaudhary v. Harrison Broad, L.L.C.*, 60 Va. Cir. 128 (Richmond City 2002). Thus, declaratory judgment is not a remedy available to Plaintiff because he has asserted claims that, if proven, will provide him adequate relief in damages.

### Count IV: Wrongful Conversion

Here, Plaintiff alleges that he delivered two checks, totaling in value of $49,675, to Defendant, that Defendant deposited these checks to an account allegedly in the name of the LLC, that he did so with the intention to steal the funds, and that no such LLC or entity existed at the time that the funds were converted. Since Plaintiff alleges that he handed over funds to be used by the LLC to Defendant, that Defendant converted these funds to his own use, and that the funds were never in the possession of the LLC, Plaintiff has alleged a good cause of action for conversion.

Defendant argues that the funds must have been used in furtherance of a partnership to create the LLC and that the Plaintiff must sue in the name of the partnership. Assuming that this is true, Plaintiff still would have a cause of action for conversion as partners may bring an action in conversion against each other independent of their partnership. Pursuant to Va. Code § 50-3.103, "[a] cause of action for conversion lies independent of an action in contract and may provide a separate basis . . . upon which one partner may sue another." *PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 344, 576 S.E.2d 438, 443 (2003).

### Count V: Statutory and Common Law Conspiracy

### A. Plea in Bar to Common Law Conspiracy

Plaintiff alleges a conspiracy by the Defendant along with certain music artists and Defendant's wife to "tortiously interfere" with Plaintiff's "personal contractual rights and business expectancies" in those same music artists. Plaintiff alleges in Count VII a claim for "Tortious Interference with Contract and Business Expectancy," that he signed certain contracts with the music artists as part of the LLC "under the misguided notion that it was an existing" LLC, and that he was a member of it. The determinative issue here is whether harm to a quasi-contract is vindication of Plaintiff's personal rights or his property rights because, pursuant to Va. Code § 8.01-243, an injury to property has a five-year statute of limitations, where a

personal injury has a two-year statute of limitations. *See 7600 Limited P'ship v. QuasTech, Inc.*, 41 Va. Cir. 60 (Fairfax 1996).

Plaintiff alleges two relationships that gave rise to those alleged "personal contractual rights and business expectancies." First, Plaintiff alleges that he and the first group of music artists were mutually mistaken as to the alleged fact that the LLC did not exist. Second, Plaintiff alleges that one music artist had knowledge that Plaintiff was not a member of the LLC when that artist contracted with the LLC and Plaintiff signed on behalf of the LLC. Plaintiff also alleges that Defendant and Healy thereafter agreed to make Plaintiff and Defendant third-party beneficiaries of the contract between Healy and the LLC. No allegation is made that such a contract was ever in fact formed. Therefore, in either case, Plaintiff has at most, an implied in law contract (quasi contract) in which Plaintiff may recover upon an implied assumpsit for money paid or services rendered. *See Cochran v. Bise*, 197 Va. 483, 488, 90 S.E.2d 178, 182 (1955) (where an agreement is treated as void, there can be a recovery upon an implied assumpsit).

The Supreme Court of Virginia has held that the purchase of residential property after a misrepresentation by the seller that said property was in an area zoned residential when in fact it was zoned industrial was a personal injury and not an injury to property. *Pigott v. Moran*, 231 Va. 76, 341 S.E.2d 179 (1986) (defendants conduct directed at plaintiff and fraud that allegedly occurred had no impact on the property itself); *See J. F. Toner & Son v. Staunton Prod. Credit*, 237 Va. 155, 375 S.E.2d 530 (1989) (security interest obtained by fraud on plaintiff's property, later lost due to foreclosure, was a personal injury, property itself was not injured). However, where the alleged tortious act is aimed at property itself, then the five year statute of limitations applies. *See Bader v. Central Fidelity Bank*, 245 Va. 286, 427 S.E.2d 184 (1995); *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992); *Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956).

Here, Plaintiff's allegations make clear that the alleged tortious conduct of Defendant and his alleged conspirators was aimed at Plaintiff personally and was not directed at any express or implied in fact contract that he may or may not have had. Furthermore, as in *Pigott*, the existing express contracts signed by Plaintiff as a member of the LLC and each music artist, respectively, still exist and are unchanged by any of the allegations asserted by Plaintiff. Therefore, since the alleged actions taken by Defendant and his alleged co-conspirators were directed personally at Plaintiff, and not at Plaintiff's property, the two year statute of limitations of Va. Code § 8.01-243(A) applies. Plaintiff filed his original case in October 2010, which was nonsuited in May 2012, and the first time Plaintiff again raised Common Law Conspiracy was in December 2012. This presents a question of fact as to when the statute of limitations began to run. A question of fact raised in a plea in bar may be a jury question. *Hawthorne v. VanMarter*, 279 Va.

566, 577, 692 S.E.2d 226, 233 (2010). The Plaintiff, during the course of the hearing, requested a jury as to this issue.

## B. *Demurrer to Statutory Conspiracy and Common Law Conspiracy*

In *Station # 2, L.L.C. v. Lynch*, 280 Va. 166, 695 S.E.2d 537 (2010), Station # 2 alleged that it leased the first floor, for a dance club, of a three story building with the requirement that it soundproof the exterior so as to ensure that the stories above it would not be disturbed by any noise and that, prior to signing the lease, Station # 2 received permission from the owners of the second and third floors to install the sound proofing from their floors. Station # 2 alleged that his lessor conspired with the owners of the second and third floors to cause him to be unable to fulfill his lease and asserted a cause of action pursuant to Va. Code § 18.2-500. The Supreme Court of Virginia held that, in order to survive a demurrer, the tort alleged to support a claim for conspiracy pursuant to Va. Code § 18.2-500 must not only cause the non-performance of a contractual duty, but also violate an independent common law duty. *Id.* at 171, 695 S.E.2d at 540. *See Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998).

Here, as in *Station # 2*, Plaintiff alleges that he had "personal contractual rights and business expectancies" with certain music artists, and that the Defendant, along with the music artists and Defendant's wife, did "tortiously interfere with his personal contractual rights and business expectancies." Essentially, Plaintiff is alleging that he had an implied contract with those music artists and that the alleged conspirators caused him to lose this implied contract or to lose value in this implied contract. Plaintiff's only allegation, therefore, is that these people conspired to cause a breach of contract, which is not actionable pursuant to Va. Code § 18.2-500. *Station # 2*, 280 Va. at 174, 695 S.E.2d at 541.

Plaintiff also alleges that these alleged conspirators acted "for the unlawful purpose of and with the malicious intent to . . . willfully and maliciously injur[e] [Plaintiff] in his reputation, trade, business, and profession by, *inter alia*, defaming [Plaintiff], damaging [Plaintiff's] credibility, and erasing his momentum in the music industry. . . ." Plaintiff has sufficiently alleged a conspiracy to damage his reputation in the music industry.

The Court will refrain from ruling on Defendant's demurrer to Plaintiff's Common Law Conspiracy claim until after the factual questions related to Defendant's plea in bar of the statute of limitation to this claim is resolved.

### *Bill of Particulars*

Defendant's motion for a Bill of Particulars as to Plaintiff's alternative Breach of Operating Agreement claim will be denied. What acts or omissions, including the time, manner, and place of them, constituted the

alleged breaches by Defendant of the various provisions listed in Plaintiff's First Amended Complaint can be determined through discovery.

## Motion Craving Oyer

Defendant's Motion Craving Oyer seeks to make part of the record certain exhibits, which were attached to Defendant's motion and which he alleges are relied on by Plaintiff in his First Amended Complaint:

A. Invoices,

B. Checks,

C. Operating Agreement of Black Water Management, L.L.C.,

D. Management Agreement,

E. State Corporation Commission certification that Black Water Management, L.L.C., is properly organized and authorized to do business under the laws of Virginia,

F. Management and Development Agreement,

G. Correspondence between Defendant Sprenkle and Plaintiff, and

H. Correspondence between "Tim Be Told" and "Black Water Management."

The Motion Craving Oyer will be denied as to every document, except the Operating Agreement of Black Water Management, L.L.C., to which the motion will be granted.

## June 6, 2013

Both counsel have written regarding my letter of May 22, 2013. Mr. Caudle first seeking a clarification of any ruling as to Defendant's Demurrer to Count VII: Tortious Interference with Contract and Business Expectancy and Count VIII: Rescission of Plaintiff's First Amended Complaint and Mr. Pinn thereafter in Response and as to Plaintiff's Count III: Declaratory Judgment.

To establish a claim for tortious interference with a business or contract expectancy, a plaintiff must show that (1) he had a contract expectancy, (2) that the defendant knew of the expectancy, (3) that the defendant intentionally interfered with the expectancy, (4) the defendant used improper means or methods to interfere with the expectancy, and (5) the plaintiff suffered a loss as a result of the defendant's disruption of the business or contract expectancy. *Maximus, Inc. v. Lockheed Info. Mgmt. Sys. Co.,* 254 Va. 408, 413, 493 S.E.2d 375, 378 (1997). Plaintiff alleges two contracts that were allegedly tortiously interfered with. In paragraph 39 of the Complaint, Plaintiff alleges that the first contract suffered from a mutual mistake of fact as to the identity of the contracting parties, BWM, L.L.C., and TBT. In the second contract, discussed in paragraph 40 of the Complaint, Plaintiff alleges that the Defendant and the other party contracting with BWM, L.L.C., Healy, knew prior to signing the alleged "management contract"

that Plaintiff was not an "owner" of BWM, L.L.C. Here, again, Plaintiff has at most a quasi-contract. However, a quasi-contract is sufficient to support a claim for tortious interference with a business expectancy. Restatement (Second) of Torts, § 766B (1979). Therefore, the demurrer as to Count VII: Tortious Interference with a Business Expectancy is overruled.

Plaintiff has sufficiently pleaded facts to support rescission of the Operating Agreement based upon fraud, false representations, or unilateral mistake induced by fraud. Defendant, in his demurrer, cites authorities for (1) that a plaintiff who makes any investigation into the subject matter at hand cannot say he relied on representations, thus there can be no fraud, and (2) that a plaintiff who fails to investigate basic facts precludes a claim of fraud. Defendant concludes that a plaintiff who does or does not investigate is precluded from bringing a fraud claim in Virginia. In certain circumstances, either making an investigation or not making an investigation may preclude an action for fraud, but neither is applicable in this case.

Here, however, in a light most favorable to Plaintiff, Plaintiff has sufficiently alleged facts to support a finding of active attempts to divert Plaintiff from making an investigation. Also, as alleged, Plaintiff has asserted that Defendant never had the intention to form BWM, L.L.C. A promisor's intention, when he makes the promise, intending not to perform, is a misrepresentation of present fact that is actionable as actual fraud. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559-60, 507 S.E.2d 344 (1998). Plaintiff could not have, through any investigation whatsoever, reasonably been expected to investigate whether or not Defendant had the intention to ever form BWM, L.L.C. Furthermore, Plaintiff has alleged that Defendant never had the ability to perform because he never had the relevant rights in the artists and these rights were the consideration supporting the formation of the Operating Agreement. The demurrer as to Count VIII: Rescission is overruled.

Finally, the demurrer as to the Count III: Declaratory Judgment is sustained because the Plaintiff has sufficient relief available in law or equity, as discussed previously.