# MARY EVE BADER

## v.

# CENTRAL FIDELITY BANK

Record No. 920511

February 26, 1993

Present: All the Justices

*Sidney H. Kirstein* for appellant.
*Douglas D. Callaway* for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider what statute of limitations governs a cause of action for conversion against a bank that paid proceeds on checks containing forged endorsements.

This case was decided on a motion for summary judgment, and there are no disputes of material facts. In late 1986 or early 1987, Mary Eve Bader opened a financial account with the stockbrokerage firm of Legg, Mason, Wood, Walker, Inc. (Legg Mason). Legg Mason agreed to manage certain stocks or securities for her.

In November 1988, Robert Bader, Mrs. Bader's husband, obtained three checks made by Legg Mason payable to Mrs. Bader in the total sum of $31,130.88. Mrs. Bader did not request, direct, authorize, or have any knowledge of the issuance of these checks. Robert Bader forged Mrs. Bader's endorsements on the checks, cashed them at the Central Fidelity Bank in Lynchburg, and left the country with the proceeds.

Mrs. Bader was unaware of these transactions until she received a written statement from Legg Mason reporting the withdrawals. Mrs. Bader informed Legg Mason, by letter dated January 30, 1989, that the endorsements were forged. Legg Mason refused to reimburse Mrs. Bader, and, on March 26, 1991, she initiated this action against Legg Mason and Central Fidelity.

Legg Mason filed a motion to dismiss on the ground that Mrs. Bader and Legg Mason had executed a customer's margin and loan consent agreement providing that any dispute involving funds in her account shall be arbitrated through the arbitration facilities of the New York Stock Exchange, Inc. or the National Association of

Securities Dealers, Inc. Mrs. Bader then nonsuited her action against Legg Mason.

Central Fidelity filed a motion for summary judgment asserting, among other things, that Mrs. Bader's claim arises out of the alleged fraudulent conduct of Robert Bader and, hence, was barred by the two-year statute of limitations contained in Code § 8.01-243(A). Central Fidelity argued, alternatively, that Mrs. Bader's cause of action against the bank was barred by the one-year statute of limitations for "personal actions for which no other limitation is specified," contained in Code § 8.01-248. The trial court granted Central Fidelity's motion for summary judgment because "[i]n order for plaintiff to prove her claim against the bank, she would necessarily have to establish a forgery, and that her damages resulted from that forgery i.e., a fraud" and, therefore, her action was barred by the two-year statute of limitations. We awarded Mrs. Bader an appeal.

First, Mrs. Bader argues that the trial court erred by applying the two-year limitation period contained in Code § 8.01-243(A). We agree.

Code § 8.01-243(A) states, in relevant part:

Unless otherwise provided in this section or by other statute . . . every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

We hold that Code § 8.01-243(A) is not applicable here because Mrs. Bader's action against Central Fidelity is not a cause of action for fraud. She does not allege in her motion for judgment that Central Fidelity, its agents and employees committed any fraudulent act against her. Rather, she alleges that Central Fidelity committed an act of conversion when it paid Mr. Bader proceeds for the three checks that contained forged endorsements.

Next, Mrs. Bader argues that she pled a cause of action for conversion of an instrument and that her action is governed by the five-year statute of limitations contained in Code § 8.01-243(B). Central Fidelity argues, however, that if Mrs. Bader has a cause of action against it for conversion, that action is governed by the one-year statute of limitation provision in Code § 8.01-248.

Without question, Mrs. Bader has pled a cause of action for conversion of an instrument as permitted by Code § 8.3-419, part of the Uniform Commercial Code. This statute states, in relevant part:

An instrument is converted when

. . .

(c) it is paid on a forged indorsement.

Code § 8.3-419(1)(c). Mrs. Bader alleged in her motion for judgment that her checks, which are instruments as defined by the Uniform Commercial Code, Va. Code § 8.3-104, were converted by Central Fidelity when it paid proceeds to Mr. Bader, who had forged her endorsements. The official comment to Code § 8.3-419(1)(c) states:

[This section] adopts the prevailing view of decisions holding that payment on a forged indorsement is not an acceptance, but that even though made in good faith it is an exercise of dominion and control over the instrument inconsistent with the rights of the owner, and results in liability for conversion.

Now, we must consider what statute of limitations is applicable because no relevant limitation period is contained in the Uniform Commercial Code. Code § 8.01-243(B) states, in relevant part:

B. Every action for injury to property . . . shall be brought within five years after the cause of action accrues.

Code § 8.01-248 states:

Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued.

■ We have held that the tort of conversion involves an injury to property. In *Buckeye Nat'l Bank* v. *Huff*, 114 Va. 1, 75 S.E. 769 (1912), we stated that "[c]onversion is any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession." *Id.* at 11, 75 S.E. at 772 (citations omitted). *See Credit Corp.* v. *Kaplan*, 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956); *Eastern Lunatic Asylum* v. *Garrett*, 68 Va. (27 Gratt.) 163, 174 (1876).

Central Fidelity, however, relying upon *Pigott* v. *Moran*, 231 Va. 76, 341 S.E.2d 179 (1986), argues that the injury is personal to Mrs.

Bader and, hence, is governed by the one-year statute of limitations in Code § 8.01-248. *Pigott* is not controlling here.

In *Pigott*, the purchasers of land alleged that a real estate agent perpetrated acts of fraud upon them by misrepresenting the zoning status of abutting property. The purchasers claimed that they had sought to purchase property in a residential neighborhood and that the agent had assured them that the abutting property was zoned for residential use when, in fact, it was zoned for industrial use. The purchasers asserted that they incurred a financial loss resulting from the dimunition of the property's value. Holding that the purchasers' claim was personal in nature and, thereby, controlled by the one-year statute of limitation in Code § 8.01-248, we stated:

> Fraud is a tort. . . . The wrongful act is aimed at the person and, when sued upon at law, fraud will support a recovery for financial damage personal to the individual. This is the gist of the [purchasers'] claim. The fraud allegedly committed by the realtor had no impact on the real property itself. The purchasers' land was in the same condition and was available for the same use after the alleged fraud as it was before. The defendants' conduct was directed at the plaintiffs personally and not their property, real or personal.

231 Va. at 81, 341 S.E.2d at 182 (citations omitted). *See also J.F. Toner & Son* v. *Staunton Prod. Credit*, 237 Va. 155, 157-58, 375 S.E.2d 530, 531 (1989).

Unlike the purchasers in *Pigott*, the gist of the cause of action asserted by Mrs. Bader is that Central Fidelity wrongfully exercised authority over her funds and, thus, she was deprived of possession and use of those monies. *See Vines* v. *Branch*, 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992) (conduct directed at property constitutes an injury to property). Central Fidelity's alleged act of conversion was not aimed at Mrs. Bader's person, but was directed upon her property.

Accordingly, we hold that the five-year period of limitations under § 8.01-243(B) is applicable to Mrs. Bader's conversion claim against Central Fidelity. Hence, we will reverse the judgment of the trial court and remand this case for further proceedings.

*Reversed and remanded.*