# CIRCUIT COURT OF THE CITY OF RICHMOND

William Carreras Diamonds, Ltd.,
and Jewelers Mutual Ins. Co.

v.

Kelly Services, Inc.

September 26, 1996

Case No. LB-1353-1

By Judge Melvin R. Hughes, Jr.

In this case, the question for decision is whether plaintiff's claim is governed by § 8.01-243(B) setting a five year statute of limitations for "every action for injury to property" or § 8.01-248 the so called catch-all statute of limitation which sets a limitation period of one year.[1]

Plaintiff asserts a claim of negligent hiring against the defendant, an employment personnel agency. The Motion For Judgment alleges that defendant placed an individual with UPS as a delivery man-employee in December, 1994. Thereafter in January, 1995 a diamond ring, the property of plaintiff Carreras Jewelers was shipped by Carreras via UPS. Carreras alleges that the employee stole the ring in January, 1995. This action was filed on June 3, 1996.

In its plea of the statute of limitations, defendant argues that the harm done was a consequence of hiring the employee, not a direct result of any alleged negligence. In other words, for purposes of the applicable statute of limitations, the harm or loss of the diamond ring was not an injury suffered as a direct result of any negligence. The court agrees with this assessment and concludes that the applicable period of limitation is the one year one in § 8.01-248 not the five year one contained in § 8.01-243(B).

---

[1] In 1995, the General Assembly amended § 8.01-248 to provide a two-year limitation period. The parties agree that the change has no application here.

The cases interpreting the five year limitation discuss that the damage for which a plaintiff seeks recovery in cases covered by this limitation must be a direct injury to the property. *Richmond Redevelopment & Housing Auth. v. Laburnum Const. Corp.*, 195 Va. 827, 834-35 (1954) (quoting *Mumpower v. City of Bristol*, 94 Va. 737, 740 (1897)). The gist of a case of negligent hiring is that there is liability for placing a person in a position by hiring who would pose an unreasonable risk of harm to others. *J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 211 (1988).

After the hearing, in a letter to the court, plaintiff offered the case of *Bader v. Central Fidelity Bank*, 245 Va. 286 (1993), as authority that the five year property damage period in § 8.01-243(B) governs. In *Bader* the defendant bank was alleged to have paid out funds on a forged endorsement. The plaintiff brought suit claiming the bank's actions were a conversion of an instrument under the Uniform Commercial Code. After the trial court ruled that the five year limitation period did not apply and the case was governed by a two year limitation period, the Supreme Court reversed stating that a tort of conversion involves an injury to property. Thus, the five year period applied. Here, we have neither a claim for personal injury on a claim for injury to property by way of a conversion. Rather, plaintiff's claim is for negligence which resulted in a loss of property, not for a wrongful exercise of authority over another's property in the first instance as would be the case of conversion as in *Bader*. The claim here is not conversion but one of negligence against the employer which hired a converter. The employer cannot be said to have directed its conduct against the plaintiff's property, by any alleged negligence, rather the conduct at issue is whether the employer hired an unfit person who caused harm to the plaintiff's property, which is not a direct injury to the property.

For these reasons the plea is sustained.