# CIRCUIT COURT OF FAIRFAX COUNTY

Charlotte H. Feltman

v.

Peggy Chichester Feltman

October 3, 2001

Case No. (Law) 190505

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on bench trial on September 17, 2001, and was taken under advisement to determine whether Defendant is liable for conversion by wrongfully exercising dominion and control over Plaintiff's property. This Court finds that Defendant is liable for the conversion of the Henson Limited Partnership Bonds proceeds belonging to Plaintiff.

Plaintiff Charlotte H. Feltman, former wife of Ralph Lee Feltman, received her divorce from Mr. Feltman in 1996. Defendant Peggy Chichester Feltman is the present wife of Mr. Feltman. Amongst the property awarded to Charlotte H. Feltman in the 1996 Divorce Decree was the couple's interest in the Henson Limited Partnership Bonds, also know as the Henry Gay Note. Mr. Feltman appealed the Divorce Decree. Shortly after Charlotte Feltman attempted to obtain possession of property and collect on the judgment awarded her in the Divorce Decree, Mr. Feltman commenced a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Columbia. Mr. Feltman, who did not believe that the Henry Gay Note had been awarded to Plaintiff, agreed to hold all payments on the Henry Gay Note in escrow during the Chapter 11 case, pending his appeal of the Divorce Decree. Mr. Feltman was unable to obtain confirmation of a plan in his Chapter 11 case and sought a voluntary dismissal. Mr. Feltman entered into an Escrow Agreement with Plaintiff Charlotte H. Feltman where he agreed to escrow the original Henry Gay Note and all payments received under the note

in order to obtain Charlotte H. Feltman's consent to the Chapter 11 case dismissal. At the time of this agreement and dismissal of the bankruptcy case, Mr. Feltman had already received full payment of the Henry Gay Note and did not disclose this payment to either Charlotte H. Feltman or the Bankruptcy Court. Instead, Mr. Feltman endorsed the check containing the Henry Gay Note proceeds over to his new wife, Defendant Peggy Chichester Feltman, who deposited this check in an account, under her name, at the Union Bank and Trust Co. in Bowling Green, Virginia. Subsequent to Mr. Feltman's receiving payoff of the Henry Gay Note, he continued to send monthly checks to the Escrow Agent. In 1998, the Court of Appeals affirmed the Divorce Decree and a Final Judgment was entered in 1999, after which Plaintiff Charlotte H. Feltman learned that the Henry Gay Note had actually been paid in full a year earlier. Subsequently, Charlotte H. Feltman learned that the check containing the Henry Gay Note proceeds had not remained in the control of Mr. Feltman but had been endorsed by Mr. Feltman and paid to Defendant Peggy Chichester Feltman.

Plaintiff alleges that Defendant is liable to her for conversion of the proceeds from the Henson Limited Partnership Bonds proceeds (the "Henry Gay Note") awarded to Plaintiff in the 1996 Divorce Decree. Plaintiff alleges that Defendant converted this property, in derogation of Plaintiff's ownership rights, when Defendant accepted the check containing the Henry Gay Note proceeds from her husband, Ralph Lee Feltman, Jr., deposited the check in her own bank account, and proceeded to disperse the note proceeds by writing checks on the funds. Defendant claims that she cannot be liable for conversion when she accepted the check containing the note proceeds because she acted as an agent for her husband, Ralph Lee Feltman, Jr., who had signed the check over to Defendant.

Any distinct act of dominion wrongfully exerted over another's property in denial of the owner's right, or inconsistent with it, amounts to a conversion. *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75, 92 S.E.2d 359, 365 (1956). See also *Bader v. Central Fidelity Bank*, 245 Va. 286, 289, 427 S.E.2d 184, 186 (1993). Any act of dominion or control over plaintiff's property that is inconsistent with plaintiff's ownership rights is wrongful. *Universal C.I.T. v. Kaplan* at 365. To prove conversion in this case, the Plaintiff must establish her ownership or right to possession of the Henry Gay Note proceeds at the time of conversion and show that Defendant exercised wrongful dominion or control over the funds, depriving Plaintiff of her right to possession. *Id.* Here, the Plaintiff was awarded ownership of the Henry Gay Note proceeds in the 1996 Divorce Decree, thus establishing her ownership of this property. Defendant exercised wrongful dominion and control over the

56

Henry Gay Note proceeds when she received the check containing those funds from her husband, Ralph Feltman, deposited the funds into a bank account, newly opened by her and under her name, at the Union Bank and Trust Co. in Bowling Green, Virginia, several hours away from her residence in Alexandria. Defendant continued to exert control over the property belonging to the Plaintiff as she wrote checks on the account to pay obligations including payments to Plaintiff, to the IRS, and to her husband's attorneys. The Defendant claims that she did not use the Henry Gay Note funds for her own use, but this does not mitigate her liability. It is not necessary that a wrongdoer apply the converted property to her own use. *Universal C.I.T. Credit Corp. v. Kaplan* at 365.

Irrespective of good or bad faith, care or negligence, knowledge or ignorance, the ultimate recipient of wrongfully held property is guilty of conversion upon exercising dominion and control over that property. *See Universal C.I.T. Credit Corp. v. Kaplan* at 365.[1] In this case, Defendant's husband obtained full payment on the Henry Gay Note, contrary to the 1996 Divorce Decree that awarded ownership of this property to Plaintiff. He endorsed the check over to Defendant, who physically took control of the check, deposited the funds into an account under her name only, and dispersed this money, exercising wrongful dominion and control over Plaintiff's property. Defendant testified that she did not know that the check contained funds belonging to the Plaintiff but she was aware that the funds were from the Henry Gay Note. She further testified that she was aware that her husband had filed a Chapter 11 Bankruptcy case but did not know what assets were subject to the bankruptcy court. She did not ask her husband why he did not want her to deposit the check in one of their existing bank accounts. She testified that she opened a personal account at Union Bank and Trust, as far away as Bowling Green, and deposited the check in that account because she and her husband had discussed moving to that area. Defendant's lack of knowledge regarding the ownership of the funds that she controlled does not negate her liability for conversion of those funds.

---

[1] In *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 75, 92 S.E.2d 259, 365 (1956), the defendant, who purchased a car from seller who had defaulted on his payments to the lien holder, was allegedly unaware that the seller had no right to the vehicle. Regardless of his claimed ignorance, the Court held him liable for conversion because his exercise of dominion and control over the vehicle was inconsistent with the lien holder's ownership rights.

For these reasons, the Court finds the Defendant converted the Henry Gay Note proceeds check and is liable to the Plaintiff for the value of the Henry Gay Note as of the date of the conversion plus interest.