# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Charles W. Coster

v.

Barnett Commercial
Realty, Inc., et al.

January 20, 2011

Case No. CL10000219-00

By Judge G. Carter Greer

On November 5, 2010, the Plaintiff, who is not represented by legal counsel, filed his complaint seeking compensatory and punitive damages against Barnett Commercial Realty, Inc. ("corporation"), James Barnett in his capacity as president of the corporation, James Barnett in his capacity as principal broker of the corporation, and James Barnett in his individual capacity. The complaint asserts four separate causes of action: breach of contract, action for money had and received, common law conversion, and statutory conversion of an instrument. All of the causes of action arise from the alleged failure of the Defendants to pay to the Plaintiff a commission that was allegedly owed to the Plaintiff as a result of a commercial real estate transaction that occurred on November 5, 2007. The Defendants have filed motions to dismiss counts one through three of the complaint and a demurrer as to count four. In addition, the Defendants have filed a motion to dismiss Defendant James Barnett as an individual and a demurrer as to punitive damages.

The court heard argument on the various motions and demurrers on January 3, 2011. At the hearing, the parties stated on the record their agreement to the following stipulation: that the commission in question consisted of two checks totaling $90,000.00, one in the amount of

$12,500.00 and the other in the amount of $77,500.00, both of which were made payable to the corporation. Other than this stipulation, the court has heard no evidence in the case.

### Motion to Dismiss Count One

Count one of the complaint alleges breach of an express contract, a copy of which is attached to the complaint as Exhibit I. The Plaintiff alleges that "[o]n or about August 7, 2005, Plaintiff and Defendant(s) entered into a written Independent Contractor Agreement between Real Estate Broker and Salesperson as to Plaintiff being a Real Estate Salesperson for the purposes of buying, selling, leasing, managing, and or otherwise creating income and benefit for Defendant(s) and Plaintiff through real estate transactions." Complaint, ¶ 9. Exhibit I is entitled "Independent Contractor Agreement between Real Estate Broker and Salesperson," and it appears to be a standard contract issued by the Virginia Association of Realtors. However, the only signature that appears on Exhibit I is that of the Plaintiff.

The Defendants argue that "such agreement was never executed by Defendant [corporation] or any of its agents," and that "[n]o express contract exists as between Plaintiff and Defendants." Motion to Dismiss Count I of Complaint, ¶¶ 3 and 5. The court would need to hear some evidence on this issue were it not for the fact that at the hearing the Plaintiff admitted that James Barnett had never signed the contract. Certainly, an express contract may be oral, and, at the hearing, the Plaintiff stated that the parties acted as though a written contract were in existence. Tr. at 19. Nevertheless, count one is predicated on the existence of a written contract. Inasmuch as count one alleges no other theory of recovery, such as an implied contract, it is clear that, as a matter of law, count one must fail. The court, therefore, grants the motion to dismiss.

### Motion to Dismiss Counts Two and Three

By pleading an action for money had and received, also known as *indebitatus assumpsit*, in count two, Plaintiff has chosen an archaic, though still viable, cause of action at common law. In *Lawson's Executor v. Lawson*, 57 Va. (16 Gratt.) 230 (1861), the Supreme Court of Virginia stated as follows: "The action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono*, he should pay over to that other." *Id*. at 232. *See also Robertson v. Robertson*, 137 Va. 378, 119 S.E. 140 (1923). There are four types of *assumpsit* in the common law system of pleading, of which *indebitatus assumpsit* for money had and received is one. *Burks' Pleading and Practice*, (4th ed. Charlottesville: The Michie Co., 1952), § 92, p. 182. In general, "[a]ssumpsit is classified as an action *ex contractu*

as distinguished from an action *ex delicto*. Hence, in order to sustain the action, it is necessary for the plaintiff to establish an express contract or facts and circumstances from which the law will raise an implication of a promise to pay." *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534, 541, 39 S.E.2d 231 (1946).

Defendants argue that, since "no specific statute of limitations exists for the action of money had and received," Va. Code § 8.01-248 governs. This statute states that "[e]very personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring such action has accrued." *Id.* Defendants point out that Plaintiff's cause of action for money had and received accrued on November 5, 2007, the date of the closing. Since the Plaintiff filed his lawsuit on November 5, 2010, the Defendants assert that the action is barred by the statute of limitations. The Plaintiff contends that the applicable statute is Va. Code § 8.01-246, which states that the statute of limitations is three years for an action upon any unwritten contract, express or implied. Since the action for *indebitatus assumpsit* sounds in contract rather than in tort, the court agrees with the Plaintiff, and the motion to dismiss count two is denied.

With respect to count three of the complaint, which states a cause of action for common law conversion, the Defendants argue that Va. Code § 8.01-243(A) sets forth the appropriate statute of limitations. This subsection states that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." The Defendants further argue that, if the court determines that this statute does not apply, then the statute of limitations contained in Va. Code § 8.01-248 applies. In either case, the Defendants argue that the correct statute of limitations is two years, and that count three of the complaint is time-barred. The Plaintiff rejoins that Code § 8.01-243(A) does not apply on account of the fact that the Plaintiff has pleaded a cause of action for neither personal injuries nor fraud. Moreover, the Plaintiff argues that § 8.01-248 is inapposite because "it is impossible to set a date as to when Plaintiff's right to bring his action 'accrued' " without the court's hearing evidence in the case.

The case of *Bader v. Central Fidelity Bank*, 245 Va. 286, 427 S.E.2d 184 (1993) controls the resolution of this issue. In *Bader*, the plaintiff's husband forged his wife's endorsement on three checks that he cashed at the defendant bank in November 1988. The plaintiff filed a cause of action for conversion of an instrument under former § 8.3-419 of the Uniform Commercial Code against the bank in March 1991. Like the Defendants in the case at bar, the bank filed a plea of the statute of limitations, claiming that, pursuant to § 8.01-243(A) or, alternatively, § 8.01-248, the cause of action was time-barred. The trial court sustained the plea in bar on the basis of § 8.01-243(A), but the Supreme Court of Virginia reversed and held

that, since "the tort of conversion involves an injury to property," the five-year limitations period of § 8.01-243(B) was applicable to the plaintiff's claim. *Id.* at 289. *See also Willard v. Moneta Building Supply*, 262 Va. 473, 480, 551 S.E.2d 596 (2001) (stating that "[i]t is well-established by our cases that actions for trespass or conversion constitute claims of injury to property because they involve allegations of wrongful exercise or control over the property of another"). In accordance with *Bader*, the court finds that the five-year limitations period of § 8.01-243(B) applies in the case at bar, and the motion to dismiss count three is denied.

### Demurrer as to Count Four

In count four of the complaint, the plaintiff asserts a cause of action for statutory conversion of an instrument, pursuant to Va. Code § 8.3A-420 of the Uniform Commercial Code. Subsection (a) of this statute states in pertinent part as follows: "The law applicable to conversion of personal property applies to instruments. An instrument is also converted if is taken by transfer, other than a negotiation, *from a person not entitled to enforce the instrument or receive payment.*" (Emphasis added.) The Defendants filed a demurrer, arguing that, because the commission check at issue in this case was made payable to the corporation, the corporation was entitled to enforce the instrument. As a result, the Defendants maintain that, as a matter of law, there was no conversion.

"A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156 (1991), quoting *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717 (1988). The court infers from the listing agreement, which is attached to the complaint as Exhibit 3, that the commission check was made payable to the corporation. In ruling on the demurrer, the court will not consider the parties' stipulation. The purpose of a demurrer is to test the legal sufficiency of the aggressive pleading, and the court may not look beyond the four corners of the complaint, except that the court may consider any accompanying exhibit mentioned in the pleading. *Flippo, supra*, at 16. As the payee and holder of the instrument, the corporation was a "person entitled to enforce" the instrument. *See* Va. Code § 8.3A-301. Therefore, in spite of the fact that the Plaintiff may have some claim to the proceeds of the check, the simple act of the corporation's receiving the check and depositing the same into its bank account does not constitute conversion as a matter of law. The court finds that count four fails to state a claim upon which relief may be granted, and the demurrer is sustained.

### Demurrer as to Punitive Damages

In *Wright v. Everett,* 197 Va. 608, 90 S.E.2d 855 (1956), the Supreme Court of Virginia adopted the following rule:

> As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained. According to the overwhelming weight of authority, exemplary damages are not recoverable in actions for breach of contract, although there are dicta and intimations in some of the cases to the contrary. This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression. . . .

*Id.* at 615, 90 S.E.2d at 860. *See also Kamlar Corp. v. Haley,* 224 Va. 699, 707, 299 S.E.2d 514 (1983) ("We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach.").

In their demurrer, the Defendants aver that the "Plaintiff has failed to allege any facts supporting the recovery of punitive damages including, but not limited to, gross negligence or willful and wanton misconduct on the part of either or both of the several Defendants." The court agrees. Count two of the complaint sounds in contract, and the remaining conversion count does not allege facts sufficient to support a claim of punitive damages. The court sustains the demurrer but will permit the Plaintiff to file an amended complaint in order to state a claim for punitive damages, if he is so advised.

### Motion to Dismiss Defendant James Barnett

The Defendants move to dismiss James Barnett as a defendant in his various capacities on the ground that the complaint alleges that, "at all relevant times, each of the defendants was acting within the scope and course of his agency." Complaint, ¶ 8. The Defendants further argue that "any potential claim Plaintiff may have is grounded on an alleged contract between Plaintiff and Defendant Barnett Commercial Realty, Inc., and not Defendant James Barnett, individually, or in his capacity as an agent for Defendant Barnett Commercial Realty, Inc." Motion to Dismiss, ¶ 4. The court agrees. Clearly, with respect to the remaining viable counts of the complaint, the Plaintiff alleges that Mr. Barnett was acting only as an agent of the corporation within the scope of his authority and not in his individual capacity. The court grants the motion to dismiss.