Present:  All the Justices

RONALD L. WILLARD

v.  Record No. 002354      OPINION BY JUSTICE DONALD W. LEMONS
                                   September 14, 2001

MONETA BUILDING SUPPLY, INC.

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

In this appeal, we consider whether Ronald L. Willard's
("Willard") cause of action against Moneta Building Supply,
Inc. ("Moneta") is governed by the five-year statute of
limitations set forth in Code § 8.01-243(B) or by the two-year
statute of limitations set forth in Code § 8.01-248.
Specifically, we must decide whether a loss of dissenters'
rights to demand payment for shares of stock constitutes an
injury to property.

I. Facts and Proceedings Below

Willard previously filed a derivative action pursuant to
Code § 13.1-672.1 on behalf of Moneta and all its stockholders
against Moneta, A.S. Cappellari ("A.S."), Rose Mary Cappellari
("Rose Mary"), and David Cappellari ("David"), the son of A.S.
and Rose Mary.  Willard sought to void the sale of Moneta's
assets to Capps Home and Building Center, Inc. ("Capps") on
the grounds that the transaction involved a conflict of
interest in violation of Code § 13.1-691.  Following a bench
trial, the trial court held that Willard failed to present

sufficient evidence to support his claims and dismissed his bill of complaint. In Willard v. Moneta Building Supply, Inc., 258 Va. 140, 515 S.E.2d 277 (1999), we affirmed the judgment of the trial court.

Willard subsequently filed the current motion for judgment against Moneta seeking monetary damages for Moneta's alleged injury to Willard's property. Since the factual background of this case is virtually identical to that of our prior decision, we provide only a brief recitation of the relevant facts.

In his motion for judgment, Willard alleges that the shareholders of Moneta and their respective percentages of share ownership of common stock were, A.S. (49.8%), Rose Mary (25.4%), Willard (19.7%), and David (5.1%). On November 15, 1996, A.S. and Rose Mary, who were officers, directors, and shareholders, caused Moneta to enter into a contract to sell substantially all of Moneta's assets to Capps. Capps is a Virginia corporation engaged in the building supply business and David is its controlling shareholder. By letter dated November 22, 1996, all shareholders were notified of the proposed sale. Included with the letter was a "Notice of Special Meeting of the Stockholders of Moneta Building Supply, Inc. on Proposed Sale of Substantially All of Its Assets to Capps Home and Building Center, Inc.," which contained a

description of the proposed transaction.  Significantly, the notice did not contain any notice of dissenters' rights.

The special meeting took place on December 20, 1996. A.S. and Rose Mary voted in favor of the proposed sale to Capps, while Willard voted against the sale and made a competing offer at a price greater than Capps' offer. Nevertheless, the votes of A.S. and Rose Mary were sufficient to approve the sale to Capps.  The transaction closed in early January 1997 and Moneta ceased doing business.

Willard filed his current motion for judgment against Moneta in the Circuit Court of Bedford County on January 12, 2000.  In response, on February 25, 2000, Moneta filed a demurrer, a plea of the statute of limitations, an amended plea of res judicata, and an amended plea of collateral estoppel.

After a hearing and upon consideration of argument and memoranda, the trial court issued a letter opinion on April 18, 2000 sustaining Moneta's plea of the statute of limitations and dismissing Willard's motion for judgment. Specifically, the trial court ruled that Willard's motion for judgment was not an action for injury to property that entitled him to the benefit of the five-year limitation period set forth in Code § 8.01-243(B).  Instead, the trial court held that deprivation of his rights as a dissenting

3

shareholder was personal to Willard and, accordingly, his motion for judgment was barred by the two-year limitation contained in the catch-all provisions of Code § 8.01-248. Willard appeals the adverse ruling of the trial court.

## II. Standard of Review

Upon Moneta's plea of the statute of limitations there are no material facts in dispute.  The sole issue on appeal, determination of the correct statute of limitations applicable to Willard's claim, presents a question of law.  Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 6, 82 S.E.2d 588, 591 (1954) (discussing Richmond Redev. and Housing Auth. v. Laburnum Constr. Corp., 195 Va. 827, 80 S.E.2d 574 (1954)). Accordingly, the trial court's ruling that Willard's claim was time-barred by the two-year limitation period contained in Code § 8.01-248 is subject to de novo review.  See Donnelly v. Donatelli & Klein, Inc., 258 Va. 171, 180, 519 S.E.2d 133, 138 (1999).

## III. Analysis

On appeal, Willard contends that the trial court erred in ruling that the two-year limitation period set forth in Code § 8.01-248 governed his claim against Moneta.  Willard asserts that the lack of notice of his dissenters' rights caused an injury to property and his claim is governed by the five-year

4

limitation period of Code § 8.01-243(B).  Therefore, Willard argues, his motion for judgment was timely filed.

Moneta assigns no cross-error and urges affirmation of the trial court's holding regarding the applicability of Code § 8.01-248 to Willard's claim.  Further, Moneta asserts an additional ground upon which to affirm the trial court's judgment.  Moneta claims that its transaction with Capps did not trigger dissenters' rights because, according to Code § 13.1-730(A)(3)(ii), there are no dissenters' rights in the case of a cash sale pursuant to a plan to disburse all or substantially all of the proceeds to stockholders within one year.  However, we do not consider Moneta's alternative justification for affirming the trial court's judgment. Moneta raised this argument before the trial court on demurrer, but the trial court made no ruling on the demurrer, nor did the trial court rule on the plea of res judicata or plea of collateral estoppel.  The trial court only ruled on Moneta's plea of the statute of limitations.

The sole issue in this appeal is whether Willard's motion for judgment alleges an "action for injury to property," under Code § 8.01-243(B).  If so, the five-year limitation governs and his suit is timely filed.  If not, the catch-all provisions of Code § 8.01-248 apply and Willard's action is

time-barred by the two-year limitation.  See Pigott v. Moran, 231 Va. 76, 79, 341 S.E.2d 179, 181 (1986).

The trial court based its decision that Willard did not allege an injury to property upon application of three factors set forth in the United States Court of Appeals' opinion in Brown v. American Broad. Co., 704 F.2d 1296 (4th Cir. 1983).[1] On appeal, Willard claims that the trial court's application of these factors was erroneous, while Moneta asserts that these factors compel the conclusion that Moneta's failure to

---

[1]    In Brown, the court stated:

> [T]he Virginia Supreme Court has been extremely technical in its determination of whether the damage for which a plaintiff seeks to recover is a direct injury to property and thereby qualifies for the benefit of the five year statute of limitations.  In order for the five year statute to apply, the following facts, among other things, must be found: (1) the injury must be against and affect directly the plaintiff's property; (2) the plaintiff must sue only for the direct injury; and (3) the injury, to qualify as a direct injury, must be the very first injury which results from the wrongful act.

Id. 704 F.2d at 1303-04 (internal citations and quotation marks omitted).  The court identified these factors based on the United States District Court for the Western District of Virginia's opinion in Holdford v. Leonard, 355 F.Supp. 261 (W.D.Va. 1973).  Although the court noted that Holdford was decided under Virginia's former scheme for statutes of limitation, the court stated that the analysis in that case was nevertheless applicable to the current statutes of limitations.  Brown, 704 F.2d at 1303.

6

give notice did not constitute an injury to Willard's property.

In Keepe v. Shell Oil Co., 220 Va. 587, 260 S.E.2d 722 (1979), decided four years prior to Brown, we reviewed prior Virginia case law in order to address whether certain claims were barred by the catch-all period of limitations then embodied in Code § 8-24. The trial court in Keepe ruled that certain damages were direct damages to property subject to the five-year limitation period, but the remainder of the damages were consequential to the wrong and not direct damages to property and were barred by the prevailing catch-all limitation period. Id. at 590, 260 S.E.2d at 723-24. We reversed, holding that the five-year limitation period applied to the entire motion for judgment because "all the damages claimed flowed from injury to property interests, and no cause of action is based on injury to the person." Id. at 594, 260 S.E.2d at 727. See also First Virginia Bank-Colonial v. Baker, 225 Va. 72, 84, 301 S.E.2d 8, 15 (1983)(stating that Keepe implicitly overruled prior inconsistent decisions in which undue emphasis was placed on direct versus consequential damage).

Significantly, pursuant to the statutory changes adopted in 1977, "survivability no longer is germane in determining which statute of limitations applies. Code § 8.01-25 provides

7

that all causes of action survive the death of the plaintiff or defendant.  Moreover, the problem of determining direct or indirect injury has been eliminated."  Pigott, 231 Va. at 80, 341 S.E.2d at 181.  Accordingly, we hold that the trial court erred in basing its ruling in the present case upon the test in Brown.

The interest represented by a stock certificate is an intangible personal property right.  Ward v. Ernst & Young, 246 Va. 317, 327, 435 S.E.2d 628, 633 (1993).  See also Virginia Pub. Serv. Co. v. Steindler, 166 Va. 686, 695, 187 S.E. 353, 356 (1936) (stating that stock is "property . . . subject to depreciation as well as appreciation in value"); Iron City Bank v. Isaacsen, 158 Va. 609, 628, 164 S.E. 520, 526 (1932)(noting that "[a] share of stock of a corporation is intangible personal property partaking of the nature of a chose in action").  However, we have not, until today, had occasion to consider whether stockholders' dissenters' rights are property rights for the purpose of the statute of limitations.

It is well-established by our cases that actions for trespass or conversion constitute claims of injury to property because they involve allegations of wrongful exercise or control over the property of another.  See Bader v. Central Fidelity Bank, 245 Va. 286, 427 S.E.2d 184 (1993); Vines v.

Branch, 244 Va. 185, 418 S.E.2d 890 (1992). We based our decisions in these cases on the rationale that "conduct . . . directed at [another's] property, . . . constitutes an injury to property." Id. at 190, 418 S.E.2d at 894. Additionally, we held in Lavery v. Automation Mgmt. Consultants, Inc., 234 Va. 145, 360 S.E.2d 336 (1987), that a suit for the unauthorized use of a person's name, portrait, or picture was an injury to property. In reaching this conclusion we noted:

> Property is not necessarily a taxable thing any more than it is always a tangible thing. It may consist of things incorporeal, and things incorporeal may consist of rights common in every man. One is not compelled to show that he used, or intended to use any right which he has, in order to determine whether it is a valuable right of which he cannot be deprived, and in which the law will protect him. The privilege and capacity to exercise a right, though unexercised, is a thing of value – is property – of which one cannot be despoiled.

Id. at 152-53, 360 S.E.2d at 341 (quoting Munden v. Harris, 134 S.W. 1076, 1078 (Mo.Ct.App. 1911)).

We have previously held that an allegation of nothing more than disappointed economic expectations does not amount to an injury to property. Rather, the law of contracts provides the sole remedy for such a loss. Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988). Moreover, we stated in Pigott, that if the property is in the same condition and available for the

9

same use after the defendant's actions as before, the alleged wrongs were directed at the plaintiffs personally rather than at their property. 231 Va. at 81, 341 S.E.2d at 182. With these principles in mind, we consider whether Willard's motion for judgment alleged an "injury to property" within the meaning of Code § 8.01-243(B).

Article 15 of the Virginia Stock Corporation Act ("Act") governs the rights of a shareholder to dissent from corporate action and the circumstances under which a shareholder is entitled to assert those rights. Code § 13.1-729 et seq. Code § 13.1-730 addresses the circumstances giving rise to a shareholder's right to dissent and receive fair value for his stock, and Code § 13.1-732 requires the corporation to give notice of these dissenters' rights. A service of notice and demand by the dissenter must be given to the corporation in order to exercise dissenters' rights. (§ 13.1-733 – Notice of intent to demand payment; § 13.1-734 – Notice of corporate action; § 13.1-735 – Shareholder duty to demand payment.) The remainder of Article 15 of the Act addresses the situation where the shareholder is dissatisfied with the payment received from the corporation.

We hold that dissenters' rights are property interests and that allegations of loss of dissenters' rights constitute an allegation of "injury to property" within the meaning of

Code § 8.01-243(B).  Ownership of stock provides the shareholder with a bundle of rights, some of which are provided by contract while others are provided by the Code. Some rights may be unique to certain classes of stock, while other rights exist in all stock, independent of class.  We have previously stated, for example, that the right to vote shares of stock at a corporate meeting is an incident of ownership; it is a part of the stockholder's property interest.  Carnegie Trust Co. v. Security Life Ins. Co., 111 Va. 1, 27, 68 S.E. 412, 421 (1910).  In Fein v. Lanston Monotype Mach. Co., 196 Va. 753, 767, 85 S.E.2d 353, 361 (1955), we held that "[t]he right to vote for directors is a right to protect property from loss, and to make its possession beneficial.  To deprive a stockholder of his right to vote is to deprive him of an essential attribute of his property."

Similarly, Code § 13.1-730(A)(3) gives a shareholder a right incident to ownership of stock, the right to dissent from certain corporate actions.  A share of stock with such rights may be more valuable than one without such rights.  The presence of dissenters' rights triggers a series of rights and obligations under the Code that ultimately provides the shareholder the opportunity to demand the fair value of his

shares.  Consequently, the loss of such rights, regardless of how effectuated, injures the stock.

In the present case, Willard alleges that he was denied dissenters' rights because Moneta failed to give him proper notice pursuant to Code § 13.1-732(A).  Accordingly, Moneta's alleged failure to provide such notice is properly characterized as conduct directed at Willard's property.  Just as the loss of the right to vote for directors constitutes an injury to property, so is the loss of the right to demand fair value as a dissenting shareholder.  Commentators and other courts agree.  As one commentator has noted:

> Essentially, an appraisal is the method of paying shareholders for taking their property; it is the statutory means whereby shareholders can avoid the conversion of their property into other property not of their choosing and is given to shareholders as compensation for the abrogation of the common-law rule that a single shareholder could block a merger.  The purpose of these statutes is to protect the property rights of dissenting shareholders from actions by majority shareholders which alter the character of their investment.

12B William M. Fletcher, Cyclopedia of the Law of Private Corporations § 5906.10, at 340-41 (perm. ed. 2000 rev. vol.) (emphasis added) (internal footnotes omitted).  See also Breniman v. Agricultural Consultants, Inc., 829 P.2d 493, 496 (Colo.Ct.App. 1992); Settles v. Leslie, 701 N.E.2d 849, 856 (Ind.Ct.App. 1998); In re Watt & Shand, 283 A.2d 279, 281 (Pa.

12

1971)(noting that the statutory protection of dissenting shareholders through the appraisal provision is designed to safeguard property rights).

Finally, Moneta argues that Willard's motion for judgment does not allege an injury to property because Willard did not lose his dissenters' rights as a result of alleged lack of notice. According to Moneta, Willard's stock was not injured on November 22, 1996, the date Willard claims he was due notice of dissenters' rights, because Willard still had dissenters' rights after that date. Moneta claims that Willard retained dissenters' rights up until the sale of Moneta's assets to Capps, regardless of whether Willard was aware of those rights. Without commenting on the merits of Moneta's position, we conclude that it has no impact on our decision today.

Moneta blurs the concepts of causation and injury. The failure to give notice is not the injury alleged; the loss of dissenters' rights, an incident of stock ownership, is the injury alleged. The applicable statute of limitations is determined by the type of injury alleged. Whether the alleged failure to give Willard notice of dissenter's rights in accordance with Code § 13.1-732 caused injury or loss is a different question.

IV. Conclusion

13

For the foregoing reasons, we hold that the trial court erred in determining that Willard's motion for judgment was subject to the two-year catch-all limitation provided by Code § 8.01-248 and in dismissing his claim.  We further hold that Willard alleged an "injury to property" and his claim was thus subject to the five-year limitation in Code § 8.01-243(B).

<u>Reversed and remanded</u>.