## CIRCUIT COURT OF THE CITY OF NORFOLK

Horace Stone

    v.

Thomas Moss et al.

April 18, 2008

Case No. (Civil) CL07-7561

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff alleges he owns real estate known as "Lot 27, Block 11, on the north side of West 42nd Street" and that he formerly owned an undivided one-half interest in the adjoining lot 26; it appears two brothers and ten nieces and nephews owned the other one-half interest in lot 26. The plaintiff also alleges the defendant was negligent in the manner in which he gave notice of a sale of lot 26 for delinquent taxes, as a result of which lot 27 has become a "non-conforming" lot and cannot be developed. He seeks $50,000 in damage. His claimed damages relate only to the loss of development opportunities of lot 27; he does not seek damages for the loss of his interest in lot 26. The defendant has filed special pleas of the statute of limitations and governmental immunity and a demurrer.

*Statute of Limitations*

The defendant claims this is an action for personal injury subject to the two year limitation of Code of Virginia § 8.01-243(A); the plaintiff claims he is entitled to the five year limitation of Va. Code § 8.01-243(B) for actions for injury to property. I believe the plaintiff is correct.

In determining which statute of limitations applies, the court is to determine whether the defendant's conduct was directed at the plaintiff's property or at the plaintiff personally. *Willard v. Moneta Building Supply*, 262 Va. 473, 482, 551 S.E.2d 596, 600 (2001); *Vines v. Branch*, 244 Va. 185,

190, 418 S.E.2d 890, 894 (1992); *Pigott v. Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). In *Pigott*, the Supreme Court noted that a defendant's conduct would be directed at the plaintiff personally if the property is in the same condition and available for the same use before and after the conduct complained of. It seems lot 27 is in the same condition after the sale of lot 26, but the plaintiff alleges it is not available for the same use. Thus the plaintiff's claim is one for injury to property.

The federal cases on this subject the defendant tendered at the hearing were criticized in *Willard, supra.*

## Governmental Immunity

A city treasurer is an officer of the state. *Camp v. Birchett*, 143 Va. 686, 695, 126 S.E. 665, 668 (1925). Certain high officers of the state enjoy absolute immunity. *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980); *Messina v. Burden*, 228 Va. 301, 309, 321 S.E.2d 657, 661 (1984). A clerk of a circuit court and a deputy sheriff enjoy only a qualified immunity. *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 301 S.E.2d 8 (1983); *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991). I conclude that a city treasurer, also a constitutional officer, enjoys only a qualified immunity.

The precise issue in *Baker* was the applicability of the doctrine of *respondeat superior* to public officers. A fuller exposition of the doctrine of qualified immunity is the "four factor test" first set out in *James, supra*, 221 Va. at 53, 282 S.E.2d at 869. The court is to consider the nature of the function the employee performed, the extent of the state's interest and involvement in the function, the degree of control and direction the state exercises over the employee, and the discretionary or ministerial nature of the act.

The function performed here, the collection of taxes, has been a quintessential government function from time immemorial. The specific tax being collected here, the real estate tax, is segregated for local taxation only. Constitution of Virginia, Art. X, § 4. Thus I believe I must examine the second and third factors as they relate to the City of Norfolk as well as the Commonwealth. See *Messina, supra*, 228 Va. at 313, 321 S.E.2d at 663. The City has a great interest and involvement in the collection of real estate taxes. This tax is a principal source of revenue for the City; without it the City government could not operate.

It is also a matter of common knowledge that real property on which the owner is delinquent in the payment of taxes often falls into disrepair and becomes blighted. The sale of such properties for delinquent taxes brings revenue to the City and allows the properties to be put to productive and beneficial use. The City has a great interest in this as well.

The Commonwealth also has great interest and involvement in the collection of real estate taxes. A review of Chapter 32 of Title 58.1 of the Code, § 58.1-3200 *et seq.*, shows the extent of the Commonwealth's interest and involvement.

Constitutional officers are popularly elected and *sui generis*. The degree of control the City exercises over them has long been a subject of debate. However, a review of Articles 2 of Chapters 31 and 39 of Title 58.1 of the Va. Code, §§ 58.1-3123 *et seq.*, 58.1-3910 *et seq.* shows that the Commonwealth exercises considerable control and direction over a city treasurer. It would serve no useful purpose to set out a list of his statutory duties and obligations. The City also exercises considerable direction over the city treasurer. Charter of the City of Norfolk, § 74.

The last factor to consider is the discretionary or ministerial nature of the act. The sale of lands for delinquent real estate taxes is governed by Article 4 of Chapter 39 of Title 58.1 of the Va. Code, § 58.1-3965 *et seq.* Subsection (A) of § 58.1-3965 provides in pertinent part:

> When any taxes on any real estate in a . . . city . . . are delinquent . . . such real estate *may* be sold for the purpose of collecting all delinquent taxes on such property.

(Emphasis added.)

The act is thus discretionary. It appears a city treasurer could, if he chose, collect delinquent real estate taxes by an action at law in a general district court or this court and through distress, levy, or garnishment, or through any process that is available for the collection of private debts. Va. Code §§ 58.1-3919, 58.1-3940(B), 58.1-3941, 58.1-3932, 58.1-3953.

Another "critical factor" to consider in determining eligibility for immunity is whether the employee "was acting within or without his authority at the time of doing or failing to do the act complained of." *Messina, supra,* 228 Va. at 311, 321 S.E.2d at 662. The defendant was certainly acting within his authority when he sold realty for delinquent taxes. Va. Code § 58.1-3965.

I conclude a city treasurer is immune from a suit alleging negligence in the collection of delinquent real estate taxes. I thus need not rule on the demurrer.