## CIRCUIT COURT OF FAIRFAX COUNTY

Ann L. Koz

    v.

Wells Fargo
Home Mortgage et al.

Case No. CL-2010-17795

By Judge Charles J. Maxfield

June 9, 2011

Defendant CitiMortgage, Inc. ("CitiMortgage") demurs to Plaintiff's demand for punitive damages and attorneys' fees. Following briefing and oral argument by the parties, the case was taken under advisement. For the reasons that follow, the demurrer is sustained.

### *Background*

For the purpose of this motion, the following facts are assumed proven. Joseph and Ann Koz owned a property in Alexandria as tenants by the entirety. Mr. Koz died in April 2010 and, by operation of law, the property passed to Mrs. Koz. Before his death and while estranged, Mr. Koz refinanced the property, without Mrs. Koz's knowledge. On June 16, 2006, he executed two promissory notes totaling $810,000 to George Mason Mortgage, L.L.C. ("George Mason"): one for $675,000.00 and the other for $135,000. Mr. Koz was the only person to sign both notes. On the same date, Mr. Koz executed two deeds of trust securing the two notes with the property. Both appear to be signed by Mr. and Mrs. Koz, however Mrs. Koz contends that her signatures were forged. Both deeds of trust were recorded on June 16, 2006. Soon after, George Mason sold the first note

and corresponding deed of trust to GMAC Mortgage, L.L.C. ("GMAC") and the second note and corresponding deed of trust to CitiMortgage. In November 2006, GMAC sold the first note and corresponding deed of trust to Wells Fargo Home Mortgage ("Wells Fargo"). Apparently, Fairfax County Land Records show only George Mason as the lienholder on both deeds of trust. (Am. Compl. ¶ 67.)

On December 20, 2010, Mrs. Koz filed suit against GMAC; George Mason, CitiMortgage, Wells Fargo, Excel Title Corporation ("Excel Title"), Lisa Merrill, in her capacity as a notary public, and the Estate of Joseph Koz. She claims that the deeds of trust were forged. Her complaint pleads the following counts: Count I: Declaratory Judgment (against all defendants); Count II: Remove Cloud of Title (against all defendants); Count III: Injunction from Foreclosure (against CitiMortgage and Wells Fargo); Count IV: Slander of Title (against CitiMortgage, Wells Fargo, GMAC, George Mason, Excel Title, and Merrill); and Count V: Civil Liability of Notary (against Merrill).

On April 29, 2011, the Court heard GMAC's and George Mason's demurrers and overruled them. On May 6, 2011, the Court heard Defendants Excel Title and Merrill's Demurrer and Plea in Bar. The Court sustained the plea in bar and dismissed with prejudice Count V, and sustained the demurrers to Counts I and II without leave to amend. The Court also dismissed Count IV with prejudice as to Defendants Excel and Merrill with leave to amend the count within twenty-one days.

On May 20, 2011, this Court heard oral argument as to CitiMortgage's demurrer to Plaintiff's demand for punitive damages and attorneys' fees. On May 27, 2011, Plaintiff filed an amended complaint, adding facts but re-pleading identical counts from the original complaint (except omitting Excel Title and Merrill from Counts I and II and deleting Count V). As in the original complaint, the amended complaint demands attorneys' fees and $350,000 in punitive damages.

This Court's decision regarding CitiMortgage's demurrer applies to both the original and amended complaints, as the amended complaint is identical in all ways relevant to this inquiry.

*Analysis*

A. *Standard of Review*

"A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001); Va. Code Ann. § 8.01-273 (2011). A party's pleading must set forth specific facts constituting a "foundation in law" for the judgment sought, and not merely conclusions

of law. *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008). The court must admit as true all of the material facts properly alleged, as well as those that may be fairly and justly inferred from those facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

B. *Punitive Damages*

CitiMortgage contends that Plaintiff is not entitled to punitive damages because she has failed to allege in her action for slander of title any actual compensatory damages upon which punitive damages can be based. In addition, CitiMortgage claims that Plaintiff failed to allege any action that would amount to misconduct or actual malice, as required for punitive damages claims.

Plaintiff does not respond to CitiMortgage's argument that actual compensatory damages have not been alleged. However, she insists that she sufficiently pleaded malice by stating that CitiMortgage refuses to release its deed of trust for Mrs. Koz's property despite notification of the alleged forgery.

"It is well-established that an award of compensatory damages . . . is an indispensable predicate for an award of punitive damages. . . ." *Syed v. Zh Techs., Inc.*, 280 Va. 58, 74-75, 694 S.E.2d 625, 634 (2010) (internal quotation marks omitted). One notable exception to this rule is in the cases of libel and slander. *Syed*, 280 Va. at 75, 694 S.E.2d at 634. The Virginia Supreme Court has not addressed whether slander of title, however, is equal to pure slander in this respect. This court declines to add slander of title to this well-defined exception. Compensatory damages are those allowed as remuneration for "loss or injury actually received and include loss occurring to property, necessary expenses, insult, pain, mental suffering, injury to the reputation, and the like." *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685, 152 S.E.2d 271, 276 (1967).

In this case, contrary to CitiMortgage's assertion, Plaintiff has alleged compensatory damages: she claims that she made payments to CitiMortgage on an allegedly forged, invalid deed of trust. (Compl. ¶¶ 39, 40; Am. Compl. ¶¶ 73, 83.) This actual pecuniary loss, if proven, clearly qualifies as compensatory damages.

Nevertheless, CitiMortgage's demurrer is sustained because Plaintiff has not pleaded the element of malice necessary for punitive damages. "Punitive or exemplary damages are allowable only where there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of others." *Pigg*, 207 Va. at 686, 152 S.E.2d at 277. Put another way, Plaintiff must prove that the defendants acted with "ill will, malevolence, grudge, spite, wicked intention, or a conscious disregard of his rights." *Lee v. Southland Corp.*, 219 Va. 23, 27, 244 S.E.2d 756, 759

(1978). Such damages are saved for the cases involving the "most egregious conduct," *Xspedius Mgmt. Co. of Va. v. Stephan*, 269 Va. 421, 425, 611 S.E.2d 385, 387 (2005), to punish the wrongdoer and to warn others against such "spirit of malice or criminal indifference to civil obligations." *Pigg*, 207 Va. at 686, 152 S.E.2d at 277.

Here, the allegations made do not rise to malice. Plaintiff only claims that she notified CitiMortgage of the purported forgery and CitiMortgage "maliciously" refused to relinquish its interest in the deed of trust. (Compl. ¶¶ 38, 66, 67; Am. Compl. ¶¶ 76, 109, 110, 111.) None of that rises to the type of deliberate "ill will . . . wicked intention, or a conscious disregard of rights" articulated by the Virginia Supreme Court. *See Lee*, 219 Va. at 27, 244 S.E.2d at 759. It is not enough to simply plead malice; Plaintiff must plead *facts* to support that legal conclusion to survive demurrer. *See generally Kitchen*, 275 Va. at 385, 657 S.E.2d at 136. *Cf. Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263, 268 (2003) ("A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton."). Such facts have not been pleaded as to this defendant.

## C. *Attorneys' Fees*

CitiMortgage argues that attorneys' fees are not recoverable unless provided for by contract or statute, neither of which exist in this case. Plaintiff maintains that attorneys' fees are recoverable as "special damages" as part of a slander of title action. The elements of slander of title are: "(1) that the defendant maliciously published false words, (2) that the false words disparaged plaintiffs property, and (3) that the publication caused plaintiff to suffer special damages." *Levine v. McLeskey*, 881 F. Supp. 1030, 1050 (E.D. Va. 1995), *aff'd in part, rev'd in part*, 164 F.3d 210 (4th Cir. 1998).

Virginia case law is clear that attorneys' fees are not recoverable unless provided for by statute or contract, with very limited exceptions. *See, e.g., Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300 (1999). Many jurisdictions have expanded similar laws to allow recovery of attorneys' fees as part of the plaintiffs "special damages" in slander of title cases. *See, e.g., TXO Prod. Corp. v. Alliance Res. Corp.*, 187 W. Va. 457, 419 S.E.2d 870, 877 (1992) (attorneys' fees were "special damages" where company wrongfully recorded an unfounded claim to property for use as "leverage for increasing its interest in the [property's] oil and gas rights"). *See also* James O. Pearson, Annotation, *What Constitutes Special Damages in Action for Slander of Title*, 4 A.L.R. 4th 532, § 9 (2011) (collecting cases). However, the Virginia Supreme Court has not spoken on the issue. *See Allison v. Shapiro & Burson, L.L.P.*, 2009 U.S. Dist. LEXIS 108040, at *25 (W.D. Va. Nov. 19, 2009). Without guidance from the Virginia Supreme

Court, this court is unwilling to disrupt a time-honored and well-established rule by adding to its limited number of exceptions.

## Conclusion

The demurrer is sustained. Similarly situated defendants whose demurrers have resulted in inconsistent rulings as to punitive damages and attorneys' fees are invited to renew them.

## August 4, 2011

Defendants Wells Fargo, CitiMortgage, Excel Title Corp., and Lisa Merrill are before the Court on their Pleas in Bar to Count IV of the Amended Complaint alleging slander of title. Wells Fargo's Plea in Bar attacks other counts of the Amended Complaint. However, during the hearing, it was not clear whether the whole Plea in Bar was within the intended scope of the hearing. The Court declines to address the Plea's other issues in this opinion. The Pleas in Bar are to the statute of limitations. Following briefing and oral argument by the parties, the case was taken under advisement. For the reasons that follow, the Pleas in Bar are sustained and Count IV of the Amended Complaint dismissed.

## Background

Ann Koz and her late husband, Joe Koz, owned a home in Alexandria, Virginia, as tenants by the entirety. The couple became estranged in 2001. In 2006, Joe Koz arranged to refinance the marital home. He executed two notes for an amount totaling $810,000 and two deeds of trust purporting to secure the notes with the property. It is alleged that the closing documents were notarized without Joe Koz or Ann Koz present. Both deeds were recorded in the Fairfax County Land Records Office in June 2006.

Ann Koz's signature does not appear on the notes but does appear on the deeds of trust. Ann Koz alleges that her signature was forged on the deeds of trust. She asserts that she became aware of the refinance and the alleged forgery in June 2006 when she received an escrow refund check. She claims that Joe Koz assured her she would not be responsible for the loans because her name did not appear on the notes. Joe Koz died in April 2010, and Ann Koz continued to pay on the loans until obtaining counsel in August 2010. She filed her Complaint on December 20, 2010, seeking equitable relief and damages under various theories including slander of title. For more information on the procedural history of the case, see this court's June 9, 2011, letter opinion.

*Issues*

Defendants' Plea in Bar presents two issues. First, what is the appropriate statute of limitations for slander of title: one year for slander, under Virginia Code § 8.01-247.1; two years for actions with no prescribed limitation, under Virginia Code § 8.01-248; or five years for damage to property, under Virginia Code § 8.01-243? Second, when did Plaintiff's cause of action for slander of title accrue: from the recording of the deeds of trust; from the discovery of the recording; or is it a continuing wrong, for which the limitations period does not commence until Defendants release their liens against the property?

*Analysis*

A. *Standard of Review*

A plea in bar presents a single issue of fact that, if proven, constitutes a complete defense to the plaintiff's claim. *Campbell v. Johnson*, 203 Va. 43, 47, 122 S.E.2d 907, 910 (1961). As for the purposes of demurrer, when considering a plea in bar, the court must regard all statements made in the pleadings as true. *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). The moving party has the burden of proof with regard to the issues of fact raised. *Campbell*, 203 Va. at 47, 122 S.E.2d at 909.

B. *Statute of Limitations*

In Virginia, there is no controlling authority indicating which statute of limitations applies to slander of title actions. Two courts have addressed the issue, but neither has reached a definitive conclusion. In *Warren v. Bank of Marion*, the United States District Court for the Western District of Virginia held that slander of title is "an aspersion upon one's property, rather than upon one's person," but ultimately avoided application of a statute of limitations by finding the statute of limitations had not begun to run. 618 F. Supp. 317, 320 (W.D. Va. 1985). In *Cherokee Corp. v. Chicago Title Ins. Corp.*, the Warren County Circuit Court applied the catchall provision of § 8.01-248 to a slander of title claim, but was not asked to address whether other statutes of limitations may apply because the claim had been brought within the shortest limitation period. 35 Va. Cir. 19, 23 (Warren 1994). At that time, the limitations period was one year. *Cherokee Corp.*, 35 Va. Cir. at 28.

Various courts around the country apply the statute of limitations period for defamation. See cases collected at 131 A.L.R. 837 (1941). In Virginia, that period is one year. Va. Code Ann. § 8.01-247.1 (2011). Other authorities maintain that slander of title is not a form of slander but rather

a form of interference with economic relations. See W. Page Keeton et al., *Prosser and Keeton on the Law of Torts*, § 128 at 962-64 (5th ed. 1984); Restatement (Second) of Torts § 624 (1977). If viewed as an economic tort, no limitation is elsewhere prescribed, and the two-year catch-all provision of Virginia Code § 8.01-248 would apply.

At common law, slander of title was regarded as distinct from personal defamation. Keeton et al., *supra*, § 128 at 962-63. The Court of Common Pleas in 1836 held that "the necessity for an allegation of actual damage, in the case of slander of title·. . . rests on the nature of the action itself, namely, that it is an action for special damage actually sustained, and not an action for slander." *Malachy v. Soper*, 3 Bing. N.C. 371, 385-86 (C.P. 1836) (quoted in Jeremiah Smith, "Disparagement of Property", 13 Colum. L. Rev. 121, 121, n. 3 (1913)). Despite the shared term "slander," slander of title "seems to have been recognized from the beginning as only loosely allied to defamation, and to be rather an action on the case for the special damage resulting from the defendant's interference." *Id.* at 963. It is the requirement of special damages that continues to define slander of title as an action for economic harm, rather than an action for harm to reputation. *Id.* at 964; *Levine v. McLeskey*, 881 F. Supp. 1030, 1050 (E.D. Va. 1995), *aff'd in part, rev'd in part*, 164 F.3d 210 (4th Cir. 1998) (special damages required in action for slander of title).

The present case involves allegations of "falsehoods which are not personally defamatory, and yet cause pecuniary loss." Keeton et al., *supra*, § 128 at 962; see also William L. Prosser, "Injurious Falsehood: The Basis of Liability", 59 Colum. L. Rev. 425, 426 (1959). This Court finds that slander of title is better categorized as a form of interference with economic relations and that the one-year statute of limitations for defamation is not applicable.

A third option is the five-year statute of limitations applicable to injury to property under Virginia Code § 8.01-243(B). For the purposes of this statute, the appropriate test is whether the injury flowed from conduct directed at the property, rather than conduct directed at the person. *Willard v. Moneta Bldg. Supply*, 262 Va. 473, 480, 551 S.E.2d 596, 599 (2001); *Keepe v. Shell Oil Co.*, 220 Va. 587, 593-94, 260 S.E.2d 722, 726 (1979).

Prior to 1977, Virginia law applied a five-year statute of limitation to actions that survived the death of either party, to include actions for the "waste or destruction of, or damage to, any estate." *Keepe*, 220 Va. at 591-92, 260 S.E.2d at 725. This language was construed to require direct, rather than consequential, damage to the property. *Id.* at 592-93, 260 S.E.2d at 725. In 1977, the Code was amended to make all actions survivable, and to apply a five-year limitation to actions for "injury to property." *Id.* at 593, n. 4, 260 S.E.2d at 726, n. 4; Va. Code Ann. 8.01-243(B) (2011). Following these amendments, but in a case applying pre-1977 law, the Supreme Court

rejected the direct damage requirement in favor of the test stated above. *Keepe*, 220 Va. at 593-94, 260 S.E.2d at 726.

Conduct directed at the property is narrowly defined to include only those acts which "involve allegations of wrongful exercise of control over the property of another." *Willard*, 262 Va. at 480, 551 S.E.2d at 599. Conduct which does not alter the condition or availability for use of the property is, by definition, directed at the person, and does not constitute injury to property. *Id.*; *Pigott v. Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986).

Here, Plaintiff's property remains in the same condition and available for the same use as it was before the deeds of trust were recorded. The only change has been to the equity she holds in the property. The Supreme Court of Virginia has never held that a loss of equity in real property amounts to injury to property. *See Willard*, 262 Va. at 480, 551 S.E.2d at 599. This Court is of the opinion that the Supreme Court of Virginia would not expand the case law to reach this conclusion. As such a pecuniary loss is a personal injury, the five-year statute of limitations does not apply.

For those reasons, this Court concludes that Virginia Code § 8.01-248 prescribes a two-year statute of limitations for slander of title.

## C. *Accrual of Cause of Action*

The deed of trust was recorded in June 2006 and discovered by the Plaintiff several weeks later. Thus, unless the alleged conduct qualifies as a continuing tort, the Plaintiff is barred from bringing this action.

In Virginia, a cause of action accrues "from the date the injury is sustained . . . and not when the resulting damage is discovered," unless otherwise prescribed by statute. Va. Code Ann. § 8.01-230. The general rule is that "when an injury is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy, the statute of limitations immediately attaches." *Jordan v. Shands*, 255 Va. 492, 498, 500 S.E.2d 215, 218 (1998) (*citing Caudill v. Wise Rambler*, 210 Va. 11, 14, 168 S.E.2d 257, 260 (1969)). Any injury, no matter how slight or difficult to ascertain, is sufficient to cause the statute of limitations to attach. *Richmond Redevel. & Hous. Auth. v. Laburnum Const. Corp.*, 195 Va. 827, 837-38, 80 S.E.2d 574, 580-81 (1954).

When negligent or tortious conduct is continuous, the cause of action does not accrue until that conduct has ceased. *Williams v. Norfolk & W. Ry.*, 530 F.2d 539, 542 (4th Cir. 1975) (pattern of employment discrimination was a continuing tort); *City of Richmond v. James*, 170 Va. 553, 567, 197 S.E. 416, 421 (1938) (continued emission of gas through uncapped pipe was continuing negligence). However, there is a distinction between continued tortious behavior and continued harm resulting from a single tortious act, to which the statute of limitations will attach at the time of injury. *See*

*Churchill Apartments Assocs. v. City of Richmond*, 36 Va. Cir. 204, 206-07 (City of Richmond 1995) (cause of action accrued when landfill was improperly capped, even though resulting generation of methane gas was continuous).

Although the deeds of trust remain in the Fairfax County Land Records, this is merely the continuing effect of a single act. Therefore, Plaintiff's claim is not for a true continuing tort. Under the general rule that the statute of limitations attaches at the time of injury, the statute of limitations attached to the Plaintiff's slander of title claim at the time the deeds of trust were recorded, because her injury, in the form of damage to the equity she held in the property, was sustained at that moment. *See Jordan*, 255 Va. at 498, 500 S.E.2d at 218.

Accordingly, this Court concludes that the cause of action accrued upon the recording of the deeds of trust, and the limitation period commenced on that date. It follows that the cause of action for slander of title is barred, and it is hereby dismissed from this proceeding.